### 889.  BUSBY *v.* MARSHALL.

The petition was sufficiently definite to withstand the special demurrers. Reasonable definiteness and certainty in pleading is all that should be required; and factitious demands by special demurrer should not be encouraged.

Complaint, from city court of Floyd county—Judge Hamilton. November 7, 1907.

Argued February 5,—Decided February 24, 1908.

*M. B. Eubanks,* for plaintiff.   *Dean & Dean,* for defendant.

POWELL, J.  The plaintiff brought a previous suit against the defendant on this same cause of action, and, special demurrers having been sustained, the judgment was affirmed by the Supreme Court.  See *Busby* v. *Marshall,* 125 *Ga.* 645 (54 S. E. 646).  In suing over, the plaintiff remedied the defect upon which the Supreme Court seems to have based its judgment.  However, special demurrers were filed to the new suit, and sustained.  We think the petition is sufficiently definite to withstand the objections made. Reasonable definiteness and certainty in pleading is all that is required; and factitious demands by special demurrer should not be encouraged.  Indeed, it is the opinion of the members of this court that this "critic," not of the old school but of recent times,— special demurrer, has lately been given much greater recognition in our courts than his importance or his usefulness has ever deserved.

As to the demurrers on the ground that the time when the differ-

ent items of repairs were made is not stated with sufficient precision, see *Hicks* v. *Hamilton, 3 Ga. App.* 112 (59 S. E. 331); *Bland* v. *Strange, 50 Ga.* 94.

The 12th paragraph is as follows: "During the fall of 1901, in making a settlement for rent, by mistake, the defendant received from plaintiff seven hundred pounds of lint cotton more than was due him, for which defendant agreed to pay plaintiff, which he has never done, which said lint cotton was worth the sum of $70." The demurrer to this paragraph is as follows: "Paragraph 12 does not state when and where defendant received the lint cotton therein referred to, nor does he state how or in what way said alleged mistake occurred." There is a vice in this paragraph of the petition, but the demurrer does not reach it. The plaintiff does not claim liability against the defendant immediately on account of the mistake, but alleges a direct promise to pay for the 750 pounds of cotton. No date is alleged as to when this promise to pay was made, or if, out of liberality of construction, the pleading is to be accorded the intendment that the promise to pay was also made in 1901, the cause of action as to this would be barred by the statute of limitations; for the allegations of the petition as to the maturity of the other debts sued for do not include this transaction. However, the demurrer does not reach this, and therefore the judgment is　　　*Reversed.*