### 2863.   WARFIELD *et al.,* receivers, *v.* SANBURN.

The suit was for damages on account of injuries received through a wrongful movement of a locomotive by one of the railroad company's engineers. The plaintiff relied upon two theories: (1) That he himself was a servant of the company, and had been injured in the course of his employment by negligence of the engineer, who was a fellow servant, and that he (the plaintiff) was without fault, and therefore the company was liable to him under the law as it existed in this State prior to the act of 1909 (Acts 1909, p. 160), regulating the liability of railroad companies for injuries to their employees; (2) that if he was not a servant, but was a trespasser, the engineer had injured him through a wilful and wanton act, wherefore the company was liable to him. *Held,* that it was error for the court to instruct the jury that if they believed that the plaintiff was negligent, and the defendant company, through its servant, was also negligent, and that the plaintiff, after being negligent and after seeing his danger, could not prevent the injury to himself, he would be entitled to recover, but that his recovery should be reduced in proportion to the extent his negligence contributed to the injury.

DECIDED JUNE 7, 1911.

Action for damages; from city court of Americus—Judge Crisp. June 16, 1910.

E. A. Hawkins, for plaintiffs in error.

R. L. Maynard, R. L. Berner, J. A. Hixon, contra.

POWELL, J. The petition in this case was not subject to general demurrer on the ground that it set out no cause of action, but it would have been subject to a demurrer pointing out the fact that it was duplicitous, because in a single count it attempted to set up liability resting on two inconsistent theories: (1) That the plaintiff was an employee of the company, and was hurt through the negligence of a coemployee, but hurt under such circumstances of negligence on the part of the coemployee and of freedom from fault on his own part as to make a case of liability under the law as it

existed in this State prior to the passage of the act of 1909 (Acts 1909, p. 160), regulating the liability of railroad companies to their employees; (2) that even if the plaintiff was not an employee, but was a mere volunteer in attempting the work he was doing at the time of his injury, and was therefore to be considered as a trespasser, the engineer had wilfully and wantonly injured him, whereby the company was liable. Since there was no timely demurrer complaining of this formal defect, it was permissible for the plaintiff to introduce evidence along both lines, and to take advantage of both theories before the jury; but under neither of these theories was a case for the application of the doctrine of comparative negligence and of diminution of damages presented.

The court instructed the jury very properly that if they found that the plaintiff was a servant and was injured by the negligence of a coemployee, he could not recover, unless he was free from fault; but in this same context, and without in any wise informing them that he was referring to any other theory of the case, the judge charged the rule as to diminution of damages in the event that they found that both were at fault. It has been repeatedly held that the rule in this State by which damages may be proportioned in accordance with the comparative negligence of the parties does not apply to cases arising under the law requiring a servant to be free from fault in order to recover on account of the negligence of a coemployee in railroad service. The present charge would also have been erroneous if, under the context, it could have been considered as able counsel for the defendant in error so ingeniously argues that it should be,—that is, as applying to the other theory of the case; because it omits all reference to wilfulness and wantonness. Furthermore, the rule is that, if the defendant commits the injury wilfully and wantonly, contributory negligence of the plaintiff is no defense at all. *Central Ry. Co.* v. *Moore*, 5 *Ga. App.* 562 (63 S. E. 642). While in such cases the principle embraced in the maxim, "volenti non fit injuria," may be so far applied as to prevent a recovery where the plaintiff has actually or constructively consented to his own injury, still the doctrine of contributory negligence is not applicable. The charge as given was not appropriate to any theory of the case, but was erroneous, whether considered abstractly or in connection with the particular facts to which the court may have intended to relate it.      *Judgment reversed.*