6389.   COMMERCE COCA-COLA BOTTLING CO. *v.* FARABEE.

WADE, J.   1. Discarding all surplus allegations therein, the petition as a whole set out a cause of action, the necessary averments as made were sufficiently full, definite, and certain to put the defendant on notice and to enable it intelligently to make defense, and the court did not err in overruling the general and special demurrers. See *Busby* v. *Marshall*, 3 *Ga. App.* 764 (60 S. E. 376), as to the degree of certainty and definiteness required in pleadings. See also, in the same connection, *Fuller* v. *Inman*, 10 *Ga. App.* 680, 693 (3) (74 S. E. 287).

(*a*) There was more than a general allegation of negligence, since the petition expressly alleged that the bottle which exploded and brought about the injury complained of was improperly and excessively charged with carbonic gas, etc. The case of *Hudgins* v. *Coca-Cola Bottling Co.*, 122 *Ga.* 695 (50 S. E. 974), where no specific act of negligence was charged, is therefore not in point. See on the general subject *Payne* v. *Rome Coca-Cola Bottling Co.*, 10 *Ga. App.* 762 (73 S. E. 1087).

2. There was some evidence to support the necessary averments in the petition and to warrant the inference, drawn by the jury, of negligence on the part of the defendant; and the failure to prove nonessential allegations was immaterial.

3. No ruling of the court is complained of except the ruling on the demurrer, the case was fairly submitted to the jury, and, their conclusion on the issues of fact involved being supported by evidence and having been approved by the trial judge, this court is without jurisdiction to interfere.                                              *Judgment affirmed.*

DECIDED JANUARY 20, 1916.

Action for damages; from city court of Jefferson—Judge Johns. January 11, 1915.

The petition of Farabee against the Commerce Coca-Cola Bottling Company alleges, that the defendant has injured and damaged the plaintiff by reason of the following facts: (3) The defendant is engaged in manufacturing, bottling, and selling coca-cola and other carbonated beverages. (4) Plaintiff is a merchant doing business in the city of Commerce. (5) Plaintiff purchased from the defendant a case of bottled coca-cola for the purpose of reselling it, and on May 13, 1913, while plaintiff was transferring to a refrigerator in his store some of the bottles from the case in which it was delivered, a bottle containing coca-cola or some other beverage, manufactured and sold by the defendant, without notice or warning exploded with considerable violence, breaking the bottle into a number of fragments. One of the fragments struck plaintiff in the left eye, cutting through both eyelids, into the eyeball, totally destroying the sight in the said eye and necessitating its

removal. (6) The defendant was negligent, in that the beverage in the bottle which exploded and injured plaintiff was too highly charged with carbonic-acid gas. Plaintiff was handling the said bottle in the usual and ordinary manner, and if the beverage in the bottle had not been charged with an excessive amount of carbonic-acid gas it would not have exploded and injured him. (7) The beverage in the bottle that exploded was manufactured and bottled by an unskilful workman in the employment of the defendant, who had very little experience in such business, and not exceeding two or three months at the time of said accident. There would be a great difference in the amount of carbonic-acid gas he would put into the different beverages he would bottle and sell for the defendant; some of the bottles would have too little carbonic-acid gas, and others (as was the one in. question) would be excessively charged. Plaintiff has since learned of other bottles of beverages bottled and sold by the defendant within a period of less than thirty days from his accident which exploded while being handled in a careful and in the usual and ordinary manner, and through no fault of the person handling them. (8) Neither the bottle which exploded and injured the plaintiff nor its contents had been changed or altered in any manner between the time it was delivered to him by the agent of the defendant and the time of the explosion. There was nothing in the appearance of the bottle to differentiate it from any of the other bottles of the defendant or to indicate the excessive and dangerous charge of carbonic-acid gas which it contained, and plaintiff did not know and had no means of knowing that the bottle was so excessively and dangerously charged. (9) Plaintiff was handling said bottle, at the time it exploded, in the usual and ordinary manner, and was himself altogether free from fault. (10) The defendant advertised and sold its beverages as harmless and refreshing drinks; and it was grossly negligent in bottling and putting into circulation in the trade a bottle of its beverage excessively and dangerously charged with explosive gas. (11) The petition concludes with allegations as to the nature and extent of the plaintiff's injuries, and with a prayer for damages, and for process.

The demurrer was on the following grounds: (1) No cause of action is set forth. (2) Paragraph 6 is demurred to because the allegation of negligence is too general, and there is no allegation

as to what was the amount of carbonic-acid gas with which the bottle was charged, or what is a proper charge of carbonic-acid gas or what is an excessive charge. (3) For the same reason, and because of irrelevance and immateriality of its allegations, paragraph 7 is demurred to. (4-5) Paragraphs 8 and 10 are demurred to for the reasons stated in the second ground of the demurrer.

*T. S. Mell,* for plaintiff in error.

*T. J. Shackelford, Cobb, Erwin & Rucker,* contra.