### 13162.   DAVIS, agent, *v.* MURRAY.

STEPHENS, J.  1. There may be a recovery for mental suffering resulting directly from a physical injury. Thus, a pregnant woman who has, as a result of another's negligence, received a physical injury of such a nature as to produce within her mind a fear and apprehension that she will give birth to a deformed child as a result of the injury, may, whether such deformity actually occurs, recover damages for mental suffering resulting from the injury.

2. The fœtus of a pregnant woman being part of her person, she is entitled to recover for any actual physical injury sustained by such fœtus, including mental pain and suffering proximately resulting therefrom. Where, as a result of an injury to such fœtus, the child is born deformed, the mother is entitled to recover damages not only for the physical injury, but also for her mental suffering on account of the mortification and disappointment at the birth of a deformed child. The pain and suffering to the mother thus caused may be continued throughout her entire life, and therefore be permanent, and in computing damages for such injury the permanency of such pain and suffering may be considered. The mother, however, can not recover damages for any mental suffering which she may undergo occasioned by the child's deformed condition continuing after birth, nor for any pain and suffering which the child may undergo. Prescott *v.* Robinson (1907), 74 N. H. 460 (69 Atl. 522, 17 L. R. A. (N. S.) 594, 124 Am. St. R. 987).

3. The above principles of law were properly given in charge to the jury, but, since there is no evidence which would authorize the jury to infer

that the deformed condition of the child at its birth, namely, the absence of two of its toes from one of its feet, was caused by the physical injuries received by the plaintiff and alleged to have been inflicted by the defendant, it was prejudicial to the defendant for the court to instruct the jury upon the assumption that there was an issue of fact as to whether or not such deformity was caused by the defendant's negligence; and for this reason a new trial is awarded.

4. The demurrers to the petition were properly overruled. The assignments of error contained in the special grounds not dealt with above are found, after due consideration, to be without merit.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 28, 1922.

Action for damages; from city court of Houston county — Judge Riley. November 12, 1921.

The action was for damages on account of a collision between an automobile in which the plaintiff was riding and a train operated by the defendant. The petition alleged, that, on account of the plaintiff's pregnant condition at the time of the collision, she suffered mental pain because of her fears that the child would be born deformed, and that she suffered mental pain also because the child, at the time of its birth, seven months after the collision, was deformed; and she alleged that the deformity of the child was caused by the negligence of the defendant. Upon the trial of the case Dr. White, a witness for the plaintiff, testified: " If a woman pregnant at the time of a serious wreck between an automobile and railroad train, about two months advanced in pregnancy, for the remaining period of gestation, about seven months, was constantly apprehensive that she would give birth to a physically or mentally deformed child, and as a matter of fact did produce a child that had two toes missing from the left foot, I would not say that the deformity was reasonably the result of that accident or wreck, and the injury that she suffered. I don't know what caused that deformity. If this child (examining the child's foot) was born at seven months after a serious wreck, the mother being two months pregnant, and two toes missing from the left foot, I have not any explanation at all as to what is a reasonable explanation of that deformity. I don't know. I would not say the wreck was not the cause of the deformity, because I don't know." Dr. Brown, a witness for the defendant, testified: " To give you my opinion as a physician, I don't think the injury that Mrs. Murray (the plaintiff) sustained on this occasion had anything at all to do with the deformity of the child to which she gave

birth later." These were the only witnesses who testified as to the cause of the deformity.

*Jordan & Moore,* for plaintiff in error.

*Harry S. Strozier, C. L. Shepard,* contra.