## 15332.　ATLANTIC COAST LINE RAILROAD COMPANY *v.* INABINETTE.

1. A declaration is bad for duplicity when it contains in the same count more than one fact or set of facts for the recovery of a single demand, any one of which would justify the recovery; but the mere diversity of facts set up in the count will not render it double when the facts are united as a whole, and when, taken together, they tend to the statement of one point or ground of recovery. In this case, according to the petition, the various facts, or "set of facts," for which the plaintiff claims damages in a single count, occurred upon a single visit by the defendant's agent to her home. The several acts were committed under color of the same search warrant. They were continuous and bound together with a common intent, forming one entire transaction and constituting but one wrong. If facts alleged in a declaration all go.to make up but one complete result and require but one answer, there is no duplicity.

2. The petition was not subject to demurrer either upon the ground that it contained a misjoinder of actions for a tort to the plaintiff and a tort to her husband, or upon the ground that she sues for injuries or wrongs to her husband for which he alone has a right of action.

3. The allegations as to the possession of the search warrant by the defendant's agent and his holding the same until the police officers demanded that it either be executed or surrendered, and as to his conduct at its execution, were not irrelevant, but were illustrative of the malicious intent with which it was alleged he acted.

4. In an action for the malicious *abuse* of legal process, it is unnecessary to allege a want of probable cause; but, assuming that as to other facts set up in the petition it was necessary to negative the existence thereof, this was sufficiently done as against a general demurrer.

DECIDED APRIL 24, 1924.

Action for damages; from Chatham superior court—Judge Meldrim.　December 10, 1923.

*Lawrence & Abrahams, F. R. Youngblood,* for plaintiff in error.
*Oliver & Oliver,* contra.

BELL, J.　This was an action for damages based upon acts of the defendant's agent, alleged to have been committed by him within the scope of his authority.　It was alleged that during the absence of the plaintiff's husband and while she was at home alone, such agent, who had sworn out a search warrant against her husband, came upon the premises "in company with two police officers of the city of Savannah, for the ostensible purpose of executing the said warrant; but the real purpose was to commit a wrong, outrage, and tort upon petitioner's husband and upon herself.　The said Barnes [the defendant's agent whose acts are complained of] knowingly chose the time when petitioner's hus-

band would be absent from home, and she would be without protection and powerless to resist his wrongful, malicious, and outrageous conduct." The thing described in the search warrant was a certain dress. The transaction of which the plaintiff complains is set forth in the petition at great length and in much detail, but, as suggested by the plaintiff in error, the nature and gist of the action are stated in the 7th and 22d paragraphs, which are as follows: (7) "The defendant's agent as aforesaid, taking advantage of the known absence of petitioner's husband, on the 10th day of January, 1923, committed various trespasses upon petitioner, and upon her rights, in that he did wrongfully and without warrant invade the privacy of her bedroom and of her person, and at the same time committed a wrongful search of petitioner's personal belongings without a warrant; committed a wrongful and unlawful seizure of petitioner's personal belongings, without a warrant; subjected petitioner to false imprisonment, arrest, and unlawful restraint without a warrant; committed a wrong and tort upon petitioner by exceeding the authority of an alleged search warrant, which he claimed to have to search the premises of petitioner's husband in search of 'one tricolette dress, gray, with fringe on over the skirt, and waist worked in silk,' alleged to have been stolen from the Atlantic Coast Line Railroad Company, and further committed a tort upon petitioner's rights by committing a malicious abuse of legal process, maliciously and without probable cause, as hereinafter shown. And the defendant company did commit further wrongs and torts upon petitioner in the manner and conduct of executing said search warrant and in the unnecessary, wrongful, and wilful humiliation of petitioner while said search was being conducted." (22) "1. The defendants have made an unlawful search of petitioner's property and personal effects and have violated petitioner's constitutional rights. 2. The defendants have violated petitioner's constitutional rights in unlawfully seizing and carrying away personal and private property and effects which were not described in said warrant, and to which the defendants had no right of access or of seizure. 3. The defendants, in invading the privacy of her bedroom, her private bureau drawers, her private closet, and her private trunk, have committed a trespass vi et armis upon petitioner. 4. The defendants are guilty of a violation of petitioner's rights in that

they exceeded the authority conferred by said search warrant.
5. The defendants have inflicted wrong and damage upon petitioner in that they have been guilty of malicious abuse of legal process, without probable cause, the pretended warrant having been a mere pretext of obtaining an entry into petitioner's premises, thereby permitting defendants to engage in malicious conduct. 6. The defendants are guilty of false arrest committed upon petitioner, for the reason that the said Barnes, defendant company's agent, would not permit her full and free liberty of action, but held her under restraint and false imprisonment, in that the defendants would not permit petitioner to have the privacy of her room in order that she might dress, but compelled her to remain in said room in a state of undress, would not permit her to leave the room, would not give her free liberty of action or of motion, but compelled her to remain under his espionage and control, thus restraining her of her liberty and inflicting upon her great humiliation, mortification and distress, and great mental anguish. 7. The defendants have committed a breach of petitioner's rights in that the defendants seized petitioner's handbag, containing articles of her own personal property, which handbag was not described in said warrant, and without petitioner's consent, and over her protest, and while she was under false arrest, sought to open petitioner's handbag and was in the act of making an unlawful search thereof when the police officer of the city stopped him. Petitioner charges that the mere act of taking her personal property, opening the same, and exposing its contents to view is a breach of her personal rights and liberty, for which the defendant company is liable in damages."

The case is here upon exceptions to the judgment of the trial court in overruling certain grounds of the defendant's demurrer, the first ground of which was that the petition was duplicitous: (*a*) in that it joins in one count various actions for trespass, to wit: seizure of plaintiff's property without a warrant; a search of plaintiff's premises in excess of the authority contained in the search warrant; false arrest of plaintiff; wrongful search of plaintiff's property and an action for malicious abuse of process; (*b*) in that it joins in one count actions for a trespass to plaintiff and a trespass to her husband, and an action for malicious abuse of process upon himself [herself] and an action for malicious abuse

of process upon her husband. Other grounds of the demurrer were: misjoinder of an action for tort to the plaintiff with an action for a tort to her husband; plaintiff sues for wrongs to her husband for which she has no right of action; and that it is not alleged that the warrant issued without probable cause, and no cause of action is set forth.

1. It is not insisted that the petition, which contains but a single count, is duplicitous in the sense that it attempts to set up liability resting upon inconsistent theories, or that the allegations are in themselves contradictory (*Warfield* v. *Sanburn,* 9 *Ga. App.* 321, 71 S. E. 703; *Central of Georgia Ry. Co.* v. *Prior,* 142 *Ga.* 536 (1), 83 S. E. 117; *Pitts* v. *Smith,* 108 *Ga.* 37, 33 S. E. 814; *Seifert* v. *Sheppard,* 111 *Ga.* 814 (1), 35 S. E. 673; *King* v. *Southern Ry. Co.,* 128 *Ga.* 285, 57 S. E. 507), but in the sense that the count is double in that it joins different grounds of action to enforce a single right of recovery. *Gainesville &c. Ry. Co.* v. *Austin,* 122 *Ga.* 823 (1) (50 S. E. 983). A declaration is bad for duplicity when it contains in the same count more than one fact or set of facts for the recovery of a single demand, any one of which would justify the recovery; but the mere diversity of facts set up in the count will not render it double when the facts are united as a whole, and when, taken together, they tend to the statement of one point or ground of recovery.

In this case, according to the petition, the various facts, or "set of facts," for which the plaintiff in a single count claims damages, occurred upon a single visit by the defendant's agent to her home. The several acts were committed under color of the same search warrant. They were continuous and bound together with a common intent, forming one entire transaction and constituting but one wrong. If facts alleged in a declaration all go to make up but one complete result and require but one answer, there is no duplicity. ·Flynn *v.* Staples, 34 App. D. C. 92 (27 L. R. A. (N. S.) 792 (2)). "It is important to remember that several distinct facts or allegations, however numerous, may be comprised in the same plea, or other pleading, without amounting to the fault of duplicity, if one fact, or some of the facts, be but dependent upon, or be mere inductment or introduction to, the others, or if the different facts form together but one connected proposition, or entire matter or point." Chitty on Pleading, vol. 1 (1st ed.),

249. The plaintiff does not allege any act as a separate cause of action. Kirk v. Seattle Electric Co., 58 Wash. 283 (1) (108 Pac. 604, 31 L. R. A. (N. S.) 991). Even to allege in a single count several kinds of damages resulting from a single wrongful act is not duplicity; and where a single transaction is relied on by the plaintiff the complaint is not *double,* even though the facts alleged show (without an effort to enforce) a liability both in contract and in tort, while, of course, a separate *cause of action* in contract cannot be joined with a separate cause of action in tort. 31 Cyc. 119.

"The test of whether more than one cause of action is stated in a complaint is whether there is more than one distinct primary right or subject of controversy presented for enforcement or adjudication, and not whether there are different kinds of relief prayed or objects sought. In applying this test it is to be observed that, without giving rise to more than one cause of action, plaintiff's primary right and defendant's infringement thereof, which taken together constitute the cause of action, may each be very complicated, and may involve a number of subordinate rights or incidental matters. In determining this question regard should be had to the substance rather than to the form of the complaint, for a complaint may in fact state different causes of action, although they are stated in the form of one, or it may state but one cause of action, although it is stated in the form of several." 1. C. J. 1055, § 190. See also Emerson v. Nash, 124 Wis. 369 (70 L. R. A. 326, 109 Am. St. Rep. 944). "The same legal right may be more than once violated, and each violation may give rise to a new and distinct cause of action. But a wrong cannot in a legal sense be a violation of more than one right. The same *act* may violate any number of rights, but each such violation would constitute a different *wrong*. If such violations [or] wrongs are distinct and separate, even though resulting from the same act, they would give rise to different causes of action; but from a single wrong but one cause of action can arise. So long as a plaintiff pleads but one wrong, he does not set up more than one cause of action. Courts will look to the allegations both as to the primary right of the plaintiff and the corresponding primary duty of the defendant, and as to the violation or breach thereof, in order to determine whether it is the intention to plead but a single wrong

only, or more than one. A single wrong may, however, be composed of numerous elements and shown by various facts. Facts, alone or in conjunction with purely substantive law, do not give a right of action, but are alleged in order to show a wrong which has called into operation the remedial law which gives the right of action. The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear. 'The *thing* which in contemplation of law as its *cause* becomes a ground for action is *not* the group of *facts* alleged in a declaration, bill, or indictment, *but the result of these in a legal wrong, the existence of which, if true, they conclusively* evince.' Sibley, Right to and Cause for Action, 48. Different facts may be alleged, separately or cumulatively, to show the same wrong, and the number and variety of the facts alleged will not make more than one cause of action, so long as but one wrong is shown. A single wrong will not be made plural by alleging that it is made up of a number of constituent parts." *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (5), 791 (48 S. E. 320).

"The set of facts" upon which the plaintiff relied in this case was such as to fall within the meaning of that phrase as used in the decision of the Supreme Court in *Orr* v. *Cooledge,* 117 *Ga.* 195 (3), 205 (43 S. E. 527), and the case is unlike that of *Colquitt* v. *Georgia Railway & Power Co.,* 146 *Ga.* 249 (91 S. E. 70), wherein the petition was held to be subject to a special demurrer on the ground that there was an attempt to join several *distinct causes of action* in one count.

Thus we hold that the petition was not duplicitous for setting forth more than one cause of action in a single count.

2. The petition was not subject to the demurrer either upon the ground that it contained a misjoinder of actions for a tort to the plaintiff and a tort to her husband, or upon the ground that she sues for injuries or wrongs to her husband for which he alone has a right of action. While the petition may show a cause of action in favor of the husband, the same is set forth only by way of inducement and is merely descriptive of the cause of action in favor of the plaintiff wife. She does not seek to recover for any injury to her husband, but only for the wrong to herself.

3. In the 8th paragraph of the petition it is alleged that the

defendant's agent, after procuring the issuance of the search warrant, nevertheless "from time to time failed and refused to execute the same, knowing that said search warrant was a mere pretext, and that there was no stolen property upon petitioner's premises. But finally, when the police officers of the city of Savannah required that the warrant should be executed or surrendered," he then proceeded therewith in the manner set forth in the petition. In two grounds of the demurrer it is insisted that these averments as to the possession and execution of the search warrant and the demand of the police officers of the city of Savannah for its execution are irrelevant, as are also those relating to the conduct of the defendant's agent as to the execution thereof, it not being shown that he was a police officer or had anything to do with the execution of the warrant. The averments were all relevant as illustrating the malicious intent with which, the complainant alleges, Barnes acted in procuring not only the issuance of the warrant but also its execution.

4. The only reason urged in the brief of the attorneys for the plaintiff in error why the petition does not set forth a cause of action is that it fails to allege want of probable cause. The counsel point out that the only allegations as to the want of probable cause are contained in subsection 5 of paragraph 22, which is as follows: "The defendants have inflicted wrong and damage upon petitioner in that they have been guilty of malicious abuse of legal process, without probable cause, the pretended warrant having been a mere pretext of obtaining an entry into petitioner's premises, thereby permitting defendants to engage in malicious conduct." It is contended that this is merely the statement of a conclusion, and not a statement of fact. Perhaps this is so, but the demurrer does not make that objection. There is no special demurrer attacking any part of the petition as a conclusion.

As stated above, all that was done appears from the petition to have been done under color of the search warrant. One ingredient (if not the gravamen, with other things as mere incidents) of the cause of action is the malicious abuse of legal process, which arises where a legal process has been employed for some object other than that which it was intended by law to effect. In such an action it is not necessary to allege want of probable cause. *Porter* v. *Johnson,* 96 *Ga.* 145 (1), 147 (23 S. E. 123) ; *King* v. *Yarbray,*

136 *Ga.* 212 (1) (71 S. E. 131). Irrespective, therefore, of whether the averment of a want of probable cause was necessary as to other facts alleged to constitute the cause of action relied on, the petition was not subject to general demurrer for the reason urged,. even assuming that it should be construed as failing to allege a want of probable cause.

But we find also in paragraph 7 an allegation of the want of probable cause. Again, in paragraph 8 it is averred in effect that the defendant's agent ·knew that the dress alleged to have been stolen was not upon the plaintiff's premises at the time he procured the warrant to be *executed.* So if it be true that it was necessary for the petition to negative the existence of probable cause, we think it sufficiently did so as against the general demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*