## 21374.   WRIGHT *v.* BAGWELL.

DECIDED MAY 13, 1931.

*Maddox, Matthews & Owens,* for plaintiff in error.

*Porter & Mebane,* contra.

LUKE, J.   J. A. Bagwell brought suit in the city court of Floyd county against Gardner Wright for damages on account of injuries alleged to have resulted from the negligent operation of an au-

tomobile, claiming as elements of damages (*a*) loss of earnings; (*b*) a diminution of earning capacity as to future wages, by reason of permanent injuries; and (*c*) pain and suffering, past, present, and future. A verdict and judgment having been rendered in favor of the plaintiff, and the defendant's motion for a new trial having been overruled, exceptions were taken.

■ As pointed out in the brief of counsel for the defendant in error, the brief of the evidence in the record falls far short of compliance with the provisions of section 6093 of the Civil Code of 1910. In numerous instances wholly immaterial questions and answers are retained, without any apparently serious effort to shorten the brief and include only the material evidence. In the circumstances, this court is under no obligation to undertake the consideration and determination of any question requiring an examination of the evidence incorporated in the record.

■ Passing then to the grounds of the motion for a new trial, we find assignments of error on the ground that the court's charge to the jury on the question of damages was incorrect, incomplete, calculated to mislead the jury, and not in accordance with the law, in specified instances. In the first instance (*b*) it is urged that the portion of the "charge with reference to the recovery of damages for lost wages was calculated to and did mislead the jury to believe that the plaintiff would be entitled to recover, as an independent element of damage, wages for time he was out of employment up to the time of the trial, instead of up to the filing of the suit, without taking into consideration plaintiff's natural loss of ability to earn money by increasing age, sickness, voluntarily abstaining from work, and other similar circumstances, and that these various things were to be taken into consideration only with reference to impairment of earning capacity from the time of the trial." Without passing upon the merits of this criticism of the charge, we think it may be completely disposed of with the suggestion that, in the absence of any request for more specific instructions on behalf of the defendant below, in the particulars indicated in the exception, the exception will not be sustained.

In the second instance (*c*) the complaint is made that the charge "submitted as independent elements of damage future loss of wages and impaired earning capacity," in substance and effect authorizing the jury "to allow double damages for one and the same element

of damage." In the circumstances, we are disposed to regard this criticism of the charge as highly technical. It is not perceived how the jury could regard this language as authorizing the recovery of double damages for a single element of damages, especially when taken in connection with other portions of the charge. But even if thus defective, the defect was cured by the concluding warning in the charge that, in the event of a finding for the plaintiff, "you must be careful not to allow for the same damages twice, and you must allow a fair compensation without injury to the defendant."

In the third instance (d) the exception, as we interpret it, is substantially a restatement of the exception in (b), which has been considered and disposed of above. In the three remaining instances, (e), (f), and (g), complaining of the portion of the charge on the element of permanent damages, we find that there was no departure from the settled legal rules in the charge as given; certainly none such as would probably have prejudiced the interests of the defendant below in any event.

Upon the foregoing considerations, we hold that the trial judge committed no error in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*