## 26053. GEORGIA-ALABAMA COCA-COLA BOTTLING COMPANY v. WHITE.

DECIDED APRIL 19, 1937.

708

710

*J. F. Hatchett, N. F. Culpepper, Joseph W. Popper,* for plaintiff in error.

*Irving S. Nathan, Atkinson & Allen,* contra.

SUTTON, J. 1. The petition alleged that while the plaintiff, in the exercise of ordinary care, was in the act of transferring some bottles of coca-cola from a case to an ice-box in the rear of the store in which he was employed, one of the bottles suddenly and violently exploded and injured him in certain described particulars. Averments of specific negligence on the part of the defendant were made, and it was alleged that the defendant advertised and sold its product as a harmless beverage, and that no intermediary handled the bottle from the time it was delivered by the defendant. Other facts in connection with the explosion were set forth. The court did not err in overruling the ground of the

general demurrer that no cause of action was shown. *Payne* v. *Rome Coca-Cola Bottling Co.*, 10 *Ga. App.* 763 (73 S. E. 1087); *Commerce Bottling Co.* v. *Farabee*, 17 *Ga. App.* 487 (87 S. E. 720); *Watson* v. *Augusta Brewing Co.*, 124 *Ga.* 121 (52 S. E. 152, 1 L. R. A. (N. S.) 1178, 110 Am. St. R. 157).

2. Duplicity in a petition is a matter for special and not general demurrer. *Young Co.* v. *Minehew*, 42 *Ga. App.* 228 (155 S. E. 356). Accordingly, the ground of general demurrer that the petition was duplicitous can not be considered.

3. The special demurrers filed by the defendant, as referred to in the foregoing statement of facts, are without merit; but it would require an unnecessary, unprofitable, and too lengthy discussion to deal with them in detail. They complain in general as to lack of sufficient information in the allegations of the petition, vagueness, uncertainty, and indefiniteness, and that certain allegations are mere conclusions of the pleader without a statement of facts to support them. We think that the allegations fairly and sufficiently set forth the nature of the case, so as to enable the defendant to know what facts it would be called on to disprove on the trial; and that the conclusions, so called, are statements of fact. On the question of what particularity and definiteness are required in pleading, it was said in *Fuller* v. *Inman*, 10 *Ga. App.* 680, 693 (3) (74 S. E. 287): "The special demurrer is rapidly outliving its usefulness. The law looks at substance rather than form. The legitimate function of a special demurrer is to compel the pleader to disclose whether he really has a cause of action or defense. The requirement that the plaintiff 'shall plainly, fully, and distinctly' set forth his ground of complaint does not mean that he shall disclose the evidence upon which he relies, or indulge in needless particularity, but means only that his demand shall be set forth in terms sufficiently full and distinct to enable the court to determine whether a cause of action exists, and his adversary to understand the exact nature of the claim made against him." See also *Woodruff* v. *Hughes*, 2 *Ga. App.* 361, 368 (58 S. E. 551); *Busby* v. *Marshall*, 3 *Ga. App.* 764 (60 S. E. 376); *Atlantic Coast Line R. Co.* v. *Davis*, 5 *Ga. App.* 214, 216 (62 S. E. 1022); *Hubbard* v. *Macon Ry. & Light Co.*, 5 *Ga. App.* 223, 226 (62 S. E. 1018); *Charleston & Western Carolina Ry. Co.* v. *Attaway*, 7 *Ga. App.* 231 (66 S. E. 548);

*Commerce Bottling Co.* v. *Farabee,* supra; *Armour* v. *Miller,* 39 *Ga. App.* 228, 233, 235 (147 S. E. 184) ; *Watson* v. *Augusta Brewing Co.,* supra. As showing that the alleged conclusions are not subject to the objection made, see *Western & Atlantic Railroad* v. *Peterson,* 168 *Ga.* 259 (147 S. E. 513) ; *Armour* v. *Miller,* 169 *Ga.* 201 (149 S. E. 698). Detailed facts in connection with the manufacture of its beverage and carbonating the container which are peculiarly within the knowledge of the defendant need not be set out. *City of Abbeville* v. *Eureka Fire Hose Co.,* 177 *Ga.* 204 (6) (170 S. E. 23), and cit.

The petition was not subject to special demurrer in failing to allege, in connection with the charge that the bottle exploded because it contained a dangerous and excessive quantity of carbonic acid gas and was weak and unfit for use, that it was more highly charged than the others handled by the plaintiff. The question is whether or not the defendant was negligent in respect to the particular bottle which exploded. Nor was the allegation subject to the objection that it failed to allege that the bottle contained a higher charge than usually given by reputable manufacturers of bottled beverages. "The practice of others engaged in similar business is not the standard by which to measure the care required of one bottling highly-charged beverages for the trade." *Grant* v. *Graham Chero-Cola Bottling Co.,* 176 N. C. 256 (97 S. E. 27, 4 A. L. R. 1090). The allegation that the bottle was not properly inspected was sufficient without alleging explanatory details. *Woodruff* v. *Hughes,* supra; *Western & Atlantic R. Co.* v. *Watkins,* 14 *Ga. App.* 388, 389 (80 S. E. 916) ; *Western & Atlantic Railroad* v. *Groover,* 42 *Ga. App.* 200 (155 S. E. 500) ; *Western & A. R.* v. *Peterson,* supra, and *Armour* v. *Miller,* 169 *Ga.* 201 (149 S. E. 698). It was not necessary for the plaintiff to allege what inspection or test by the defendant was required. *Fuller* v. *Inman,* and *Western & Atlantic Railroad* v. *Peterson,* supra; *Grant* v. *Graham Chero-Cola Bottling Co.,* supra. The allegation that the bottle which exploded was too highly charged was not a conclusion, but a statement of fact. *Commerce Bottling Co.* v. *Farabee,* supra; *Atlanta Coca-Cola Bottling Co.* v. *Danneman,* 25 *Ga. App.* 43 (102 S. E. 542) ; *Wadley Southern Railway Co.* v. *Faglee,* 42 *Ga. App.* 80 (155 S. E. 65).

The petition was not subject to the ground of special demurrer

that it was duplicitous in that it alleged that the bottle which exploded was too highly charged with carbonic acid gas and that it was defective and unable to withstand the pressure. Only one wrong was alleged, the injury caused the plaintiff by the explosion of the bottle. That wrong might be set up by various facts, and though they be differently stated the petition would not necessarily set forth two distinct causes of action. "A single wrong may be composed of numerous elements and shown by various facts." *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 691, 710 (13 S. E. 809); *City of Columbus* v. *Anglin*, 120 *Ga.* 785, 792 (48 S. E. 318); *Chestnutt* v. *Weekes*, 180 *Ga.* 701 (180 S. E. 716). See also *Atlantic Coast Line R. Co.* v. *Inabinette*, 32 *Ga. App.* 246, 251 (122 S. E. 902); *Orr* v. *Cooledge*, 117 *Ga.* 195, 205 (43 S. E. 527); *Eining* v. *Georgia Railway & Electric Co.*, 133 *Ga.* 458 (66 S. E. 237); *Smith* v. *McWhorter*, 173 *Ga.* 255 (160 S. E. 250).

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*