### 28253. PAGE v. VIRGINIA-CAROLINA CHEMICAL COMPANY.

DECIDED JUNE 26, 1940.

*W. M. Goodwin,* for plaintiff in error. *J. C. Newsom,* contra.

MacIntyre, J. Virginia-Carolina Chemical Company brought suit against Page on a promissory note, dated June 30, 1934, due August 15, 1934, in the principal sum of $460.27. The defendant admitted his residence in Washington County, Georgia, and denied all the other paragraphs of the petition. In paragraph 2 of his answer as amended, the defendant pleaded: "The plaintiff [company] agreed and contracted with him to pay defendant [Page] the sum of two dollars per ton for each ton of fertilizer sold. Defendant sold for plaintiff three hundred tons of fertilizer, for which he is entitled to a commission of six hundred dollars; that under the agreement with plaintiff his note was to be credited with the amount due on said note and balance paid by plaintiff to defendant; that after paying the note there is due from the plaintiff to the defendant the sum of four hundred dollars. The defendant says that the contract whereby he was to receive two dollars per ton for selling fertilizer was an oral contract made in Washington County, Georgia, with one B. A. McCowen who is manager of the plaintiff company in his territory, that this contract was made in 1934, and that the money earned under the contract was to be credited upon the note now being sued upon [dated June 30, 1934, and due August 15, 1934]; that it was not contemplated that any settlement was to be had until the end of the season, when the company and the defendant were to make a check of the sales and defendant was to receive credit at rate of two dollars per ton for each ton of fertilizer sold." The plaintiff filed a special demurrer to paragraph 2 of the answer, for the reason that "it did not set forth a date, time, and place the contract he relied upon was made, when and where the fertilizers he claimed to have sold were sold; also the price of fertilizers that were sold." The judge sustained this ground, and overruled the demurrer as to the other paragraphs of the answer. To this ruling the defendant excepted pendente lite. On the trial the jury returned a verdict in favor of the plaintiff. To the overruling of his motion for new trial the defendant excepted.

"Reasonable definiteness and certainty in pleading is all that is required; and factitious demands by special demurrer should not be encouraged. Indeed, it is the opinion of the members of this court that this 'critic,' not of the old school but of recent times—special demurrer, has lately been given much greater recognition

in our courts than his importance or his usefulness has ever deserved." *Busby* v. *Marshall,* 3 *Ga. App.* 764 (60 S. E. 376). "The special demurrer is rapidly outliving its usefulness. The law looks at substance rather than form. The legitimate function of a special demurrer is to compel the pleader to disclose whether he really has a cause of action or defense. The requirement that a plaintiff shall 'plainly, fully and distinctly' set forth his ground of complaint does not mean that he shall disclose the evidence upon which he relies, or indulge in needless particularity, but means only that his demand shall be set forth in terms sufficiently full and distinct to enable the court to determine whether a cause of action exists, and his adversary to understand the exact nature of the claim made against him." *Fuller* v. *Inman,* 10 *Ga. App.* 680 (3), 693 (74 S. E. 287); *Georgia-Alabama Coca-Cola Bottling Co.* v. *White,* 55 *Ga. App.* 706, 712 (191 S. E. 265). See also, *Woodruff* v. *Hughes,* 2 *Ga. App.* 361, 368 (58 S. E. 551); *Busby* v. *Marshall,* supra; *Atlantic Coast Line R. Co.* v. *Davis,* 5 *Ga. App.* 214, 216 (62 S. E. 1022); *Hubbard* v. *Macon Railway & Light Co.,* 5 *Ga. App.* 223, 226 (62 S. E. 1018); *Charleston & Western Carolina Ry. Co.* v. *Attaway,* 7 *Ga. App.* 231 (66 S. E. 548); *Commerce Bottling Co.* v. *Farabee,* 17 *Ga. App.* 487 (87 S. E. 720); *Armour* v. *Miller,* 39 *Ga. App.* 228, 235 (147 S. E. 184); *Watson* v. *Augusta Brewing Co.,* 124 *Ga.* 121 (52 S. E. 152). This court, speaking through Judge Bell, has said: "The special grounds of the demurrer raise the question of whether the petition plainly, fully, and distinctly set forth the cause of action relied on. The decisions which hold that accounts must be itemized do not go beyond the provisions of the Code to the effect that the plaintiff in his petition shall plainly, fully, and distinctly set forth the ground of his complaint. Civil Code (1910), § 5538 [Code, 1933, § 81-101]. In a suit upon an account a bill of particulars must be attached (Civil Code of 1910, § 5541) [Code, 1933, § 81-105]; but as to itemization, it is enough to state the account with such fullness and specification as will confine the plaintiff to a particular cause of action, and fairly apprize the defendant of the character of the demand, so as to enable him to prepare his defense. *Walker* v. *Industrial Stores Co.,* 37 *Ga. App.* 448 (2) (140 S. E. 519). 'Unnecessarily minute and detailed statements are not required.' *Louisville & Nashville R. Co.* v. *Barnwell,* 131 *Ga.* 791 (4) (63

S. E. 501)." *Henry Darling Inc.* v. *Harvey-Given Co.*, 40 *Ga. App.* 771, 777 (151 S. E. 518). The Supreme Court, in *Ellis* v. *Pullman & Co.*, 95 *Ga.* 445 (22 S. E. 568), stated: "Averments in the petition to the effect that the alleged misappropriation occurred between the 24th of October, 1892, and the 29th of August, 1893, were sufficiently specific as against a special demurrer alleging that there were 'no allegations of the time of the misappropriation.' The petition, alleging that the debts due the petitioners were created between the dates above mentioned, and that they bore interest from the date last named, sufficiently, for the purpose of a case like the present, set forth the time of the creation of the petitioners' claims."

In *Busby* v. *Marshall*, supra, paragraph 12 of the plaintiff's petition was as follows: "During the fall of 1901, in making a settlement for rent, by mistake, the defendant received from plaintiff seven hundred pounds of lint cotton more than was due him, for which defendant agreed to pay plaintiff, which he has never done, which said lint cotton was worth the sum of $70." The defendant's special demurrer to this paragraph was as follows: "Paragraph 12 does not state when and where defendant received the lint cotton therein referred to, nor does he state how or in what way said alleged mistake occurred." The court there held, "There is a vice in this paragraph of the petition, but the demurrer does not reach it."

In the case sub judice, we think paragraph 2 of the answer as amended was sufficiently definite to withstand the special demurrer. We further think that the allegations therein set forth a defense in terms sufficiently full and distinct to enable the court to determine whether a defense exists and the defendant's adversary to understand the exact nature of the claim made against it. *Hicks* v. *Hamilton*, 3 *Ga. App.* 112 (59 S. E. 331); *Bland* v. *Strange*, 52 *Ga.* 94. See in this connection *Ittner Brothers* v. *Farmers State Bank*, 15 *Ga. App.* 235, 238 (82 S. E. 909); *Wagener* v. *Steele*, 117 *Ga.* 145 (43 S. E. 403).

The judge therefore erred in sustaining the special demurrer to paragraph 2 of the answer as amended, and the further proceedings were nugatory.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*