## 31361. HOBBS *v.* HOLLIMAN.

DECIDED FEBRUARY 1, 1947.

*Jack D. Evans, Randall Evans Jr.,* for plaintiff.

*Robert E. Knox, J. Glenn Stovall,* for defendant.

MacIntyre, J. ■ Subsequently·to the filing of the defend-. ant's demurrers but prior to any ruling thereon by the court, the

plaintiff filed an amendment to meet ground 2 of the demurrers. This ground sought to elicit from the plaintiff information as to the time and place of the occurrence of the criminal conversation with and the harboring of the plaintiff's wife, with which the plaintiff sought to charge the defendant. By his amendment, the plaintiff stated that during the year 1945 the defendant kept company with her openly and notoriously, and accompanied her on automobile trips at all times of the day and in sight of the public when only the two of them were in the car together; he (the defendant) called at her house and she called at his and they visited each other all during the year 1945; he harbored her during the entire year of 1945; he had criminal conversation with her at various and sundry places during the year 1945 from the first of the year through until the last of the year and even in the year 1946, and particularly through the month of January, 1946; said criminal conversation took place at the home of Sara Hobbs in Thomson, Georgia, and at 1447 Tutts Street, in Augusta, Georgia, and at various and sundry other places unknown to the plaintiff; and that although many of the places where the said criminal conversation took place are unknown to this plaintiff, the places are well known to the defendant.

All facts alleged in good pleading of a petition consist either, first, of the gist or substance of the complaint or action; second, of matter of inducement; and third, of matter of aggravation. Whatever else is stated, in any part of the pleadings, is but surplusage. *Rhodes* v. *Industrial Finance Corp.,* 64 *Ga. App.* 549 (13 S. E. 2d, 883). The gist of the complaint is that without which no legal cause of action can appear, however perfect in form the pleadings may be. Will's Gould on Pleading, 198. Matters of inducement are merely introductory to the gist of the cause of action or in some respect explanatory of it or the manner in which it originally took place. *Darnell* v. *State,* 63 *Ga. App.* 582 (11 S. E. 2d, 692). Less certainty is required in setting out matters of inducement than in setting out the gist or the essential elements of the cause of action.

The Code, § 105-1203, provides: "Adultery or criminal conversation with a wife shall give a right of action to the husband." Section 105-1202 provides: "A husband shall have a right of action against another for abducting or harboring his wife."

The action here is for criminal conversation and for harboring the plaintiff's wife. The gist of the action is the loss of "consortium," which is a property right growing out of the marriage relationship, and includes the exclusive right to the services of the spouse and to the society, companionship, and conjugal affection of each other. Valentine *v.* Pollak, 95 Conn. 556 (111 Atl. 869). Since the loss of society, affection, assistance, and conjugal fellowship or consortium of the wife is the gist of the action, the cause of action accrues when or immediately after the society, affection, assistance, and conjugal fellowship, usually expressed by the term "consortium," is lost without reference to words or acts which allegedly caused the loss. Miller *v.* Miller, 165 Md. 425 (169 Atl. 426); *McMillan* v. *Smith,* 47 *Ga. App.* 646 (171 S. E. 169); *Edwards* v. *Monroe,* 54 *Ga. App.* 791 (189 S. E. 419); McGregor *v.* McGregor (Ky.), 115 S. W. 802.

■ This suit is founded on tort, and the loss of consortium is the gist of the action. The acts of criminal conversation and harboring the wife being pleaded as inducement or explanatory of the gist of the cause of action, such acts are not required to be set forth with the same certainty as that required in setting forth the gist or the essential elements of the cause of action. *Georgia Railroad &c. Co.* v. *Sewell, 57 Ga. App.* 674 (196 S. E. 140).

"Reasonable definiteness and certainty in pleading is all that is required; and factitious demands by special demurrer should not be encouraged. Indeed, it is the opinion of the members of this court that this 'critic,' not of the old school but of recent times,— special demurrer, has lately been given much greater recognition in our courts than his importance or his usefulness has ever deserved." *Busby* v. *Marshall,* 3 *Ga. App.* 764 (60 S. E. 376).

"The Supreme Court, in *Ellis* v. *Pullman & Co., 95 Ga.* 445 (22 S. E. 568), stated: 'Averments in the petition to the effect that the alleged misappropriation occurred between the 24th of October, 1892, and the 29th of August, 1893, were sufficiently specific as against a special demurrer alleging that there were "no allegations of the time of the misappropriation." The petition, alleging that the debts due the petitioners were created between the dates above mentioned, and that they bore interest from the date last named, sufficiently, for the purpose of a case like the present, set forth the time of the creation of the petitioners' claims.'"

*Page* v. *Virginia-Carolina Chemical Co.,* 62 *Ga. App.* 727, 730 (9 S. E. 2d, 857).

■ In the instant case the averments in the petition to the effect that the loss of consortium, caused by the defendant's criminal conversation with and the harboring of the plaintiff's wife, occurred during the year 1945 and extended into January, 1946, at designated places and at various and sundry places unknown to the plaintiff but well known to the defendant, were sufficiently specific as against the special demurrer alleging in effect that the plaintiff had failed to allege when or where the defendant harbored or had criminal conversation with the plaintiff's wife while the plaintiff was overseas or after his return home.

We think that the paragraph of the petition against which the special demurrer was urged was sufficiently definite, in that the allegations set forth a cause of action in terms sufficiently full and distinct to enable the court to determine whether a cause of action existed and to enable the plaintiff's adversary to understand the exact nature of the claims made against him and thus enable him to prepare his defense. The plaintiff does not have to "spread out" in his petition an exhaustive statement of the exact evidence upon which he will rely for recovery. *Woodruff* v. *Hughes,* 2 *Ga. App.* 361 (58 S. E. 551); *Abel* v. *State,* 64 *Ga. App.* 448 (13 S. E. 2d, 507); *Page* v. *Virginia-Carolina Chemical Co.,* supra; *Western & Atlantic R.* v. *Reed,* 33 *Ga. App.* 396 (126 S. E. 393).

■ Reasonable definiteness and certainty in pleading is all that should be required to render it exempt from attack by special demurrer, and the petition in the instant case is exempt from the special demurrer urged against it.

The trial judge erred in sustaining the special demurrer to the paragraph of the petition as amended, here under consideration.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*