37045.   OLSEN & COMPANY, INC. *v.* LUNSFORD.

DECIDED MARCH 6, 1958.

294

*Ben J. Camp, A. Tate Conyers,* for plaintiff in error.

*Smith, Field, Doremus & Ringel, Arthur L. Martin, H. A. Stephens, Jr.,* contra.

FELTON, Chief Judge. 1. The court did not consider the special demurrers to the petition as amended. In ruling on the general demurrer, the court passed the following order: "A complainant may elect to sue either in tort or on the contract in those instances concerning which the damage flows from a breach of the contract. Code § 105-105. But this complainant has no case arising from a breach of the lease contract. His bill is pretty thoroughly schizophrenic in that it attempts to ride both horses.

"It matters not at all who plaintiff leased the property from if defendant caused water to be forced into the building which he occupied. The lease contract is not remotely involved since there is no stipulation alleged to have been broken. According to the allegations the cause of the trouble flowed from the defendant's negligent manner of construction on adjoining property not involved in the lease. His *casus doloris,* therefore, arises in tort. Unless plaintiff amends to strike all reference to his action in contract and pleads a case in tort his bill will fall before general demurrer. Since a ruling on general demurrer will control there is no need to notice the special grounds.

"Considered, ordered and adjudged that ground 1 of defendant's demurrer, filed October 23rd, 1956 (renewed after amendment) and directed to plaintiff's petition be sustained with twenty days leave to amend."

When the plaintiff failed to amend in compliance with the above order, the court by further order sustained the general demurrer and dismissed the action.

Defects in the form of pleading are reached by special demurrer. Even if the court treated the general demurrer as a special demurrer and in effect ruled that it was a misjoinder of causes of action, he erred in forcing the plaintiff to strike one cause of action in favor of another and in not allowing the plaintiff

to elect which he would pursue. *McCullough* v. *Atlantic Refining Co.,* 50 *Ga. App.* 237, 238 (177 S. E. 601). If the court treated the general demurrer as a special demurrer to those allegations regarding the lease and the sewer on the leased premises on the ground that such allegations were superfluous and immaterial, he should have stricken these allegations rather than dismiss the action.

Regardless of how the trial court treated the general demurrer, he erred in sustaining the general demurrer and in dismissing the action. It was not a misjoinder of causes of action nor were the averments of the petition so loosely and uncertainly made as to render it difficult to determine the nature of the cause of action relied on by the petition. The petition alleges "that the cause of the aforesaid damage and of the water backing and flowing into the space leased by petitioner from defendant and covering the floors thereof was the faulty construction of the sewer as herein alleged and the failure of defendant to keep in good order the sewer on the property leased by plaintiff including the parking area adjacent thereto." This is in effect an allegation that the failure to keep in proper repair the sewer on the *leased property combined* with the faulty construction of the sewer on the adjacent property combined to produce the single injury complained of. "Where several matters are stated in a petition, not as distinct and unconnected, but as arising 'out of the same transaction or series of transactions, forming one course of dealing, all tending to a single end,' a demurrer for misjoinder of causes of action will not lie." *Grant* v. *Hart,* 192 *Ga.* 153 (4) (14 S. E. 2d 860); *Briarcliff, Inc.* v. *Kelley,* 198 *Ga.* 390, 397 (31 S. E. 2d 586). "A single wrong may be composed of numerous elements and shown by various facts. [Citations]." *Georgia-Alabama Coca-Cola Bottling Co.* v. *White,* 55 *Ga. App.* 706, 714 (191 S. E. 265). "The same legal right may be more than once violated, and each violation may give rise to a new and distinct cause of action. But a wrong can not in a legal sense be a violation of more than one right. The same *act* may violate any number of rights, but each such violation would constitute a different *wrong.* If such violations or wrongs are distinct and separate, even though resulting from the same act, they would give rise to different causes of action; but from a single wrong but one cause

of action can arise. So long as a plaintiff pleads but one wrong, he does not set up more than one cause of action. Courts will look to the allegations both as to the primary right of the plaintiff and the corresponding primary duty of the defendant, and as to the violation or breach thereof, in order to determine whether it is the intention to plead but a single wrong only, or more than one. A single wrong may, however, be composed of numerous elements and shown by various facts. Facts, alone or in conjunction with purely substantive law, do not give a right of action, but are alleged in order to show a wrong which has called into operation the remedial law which gives the right of action. The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear. 'The *thing*, therefore, which in contemplation of law as its *cause*, becomes a ground for action, is *not* the group of *facts* alleged in a declaration, bill, or indictment, *but the result of these in a legal wrong, the existence of which, if true, they conclusively evince.*' Sibley, Right to and Cause for Action, 48. Different facts may be alleged, separately or cumulatively, to show the same wrong, and the number and variety of the facts alleged will not make more than one cause of action, so long as but one wrong is shown. A single wrong will not be made plural by alleging that it is made up of a number of constituent parts." *City of Columbus* v. *Anglin*, 120 *Ga.* 785, 791 (48 S. E. 318). ". . . Where a single transaction is relied on by the plaintiff the complaint is not *double*, even though the facts alleged show (without an effort to enforce) a liability both in contract and in tort." *Atlantic Coast Line R. Co.* v. *Inabinette*, 32 *Ga. App.* 246, 250 (122 S. E. 902).

The plaintiff relied upon a single wrong, the flooding of the basement, and does not seek to set up an independent theory of recovery based on contract and an independent theory based on tort or any two inconsistent theories, but sets out a combination of events which acting together produced a single wrong.

2. Under the terms of the lease the lessee was granted exclusive control of the premises, the lessor was under no duty of inspection and the lessee was required to give notice of any defect. The plaintiff does not allege that notice was ever given to the defendant concerning the sewer on the leased premises or

allege facts which would relieve him of giving such notice. In the absence of such allegations, the allegations relating to the duties of the defendant under the lease on the defective condition of the sewer on the leased premises would have been bad as against a proper special demurrer, but the court did not rule on any special demurrers and there is no exception by the defendant to his failure to do so. Without the allegations concerning the lease and the sewer on the leased premises the petition would still have stated a cause of action against a general demurrer, and since it does not appear that a failure on the part of the plaintiff to give notice to the defendant of the defective conditions of the sewer on the leased property proximately caused the damage complained of, the petition is not rendered bad by the presence of such allegations therein.

The court erred in sustaining the general demurrer and in dismissing the action.

*Judgment reversed.   Quillian and Nichols, JJ., concur.*