39166, 39168. ARMSTRONG FURNITURE COMPANY, INC. v. NICKLE (two cases).
39167, 39169. RULE v. NICKLE (two cases).

DECIDED DECEMBER 5, 1961.

62

*Myrick, Myrick & Richardson, Willis J. Richardson, Jr., Weir D. Walker,* for plaintiffs in error.

*Gilbert E. Johnson, Josephine M. Plunkett,* contra.

FELTON, Chief Judge. 1. The plaintiffs' petitions, as amended, set out causes of action against the defendants and were not subject to the general demurrers interposed by the defendants.

2. The defendants attacked by special demurrer paragraph 3 of the plaintiffs' petitions, as amended, in which the plaintiffs' two minor children are named, as being irrelevant, immaterial and prejudicial to the defendants. A plaintiff is entitled to plead allegations which are germane to the cause, even though harmful and prejudicial to the defendant. *Turner v. Joiner,* 77 Ga. App. 603 (48 SE2d 907). Since the husband's petition seeks damages for the loss of services of his wife, and the wife's petition seeks damages for loss of her ability to discharge her

duties as a mother, it is reasonable to allow the plaintiffs to allege that they do in fact have two minor children, since this fact is material in that the jury may consider it in arriving at the amount of damages, should they render a verdict for the plaintiffs. There was no error in overruling the demurrers on the grounds urged.

3. The defendants demurred specially to paragraph 6 of the amended petitions saying that the statement that the defendant Rule was informed of plaintiff, Mrs. Nickle's, intent and purpose to stop said automobile by the stop lights on the rear of said automobile is a conclusion of the pleader without sufficient facts to substantiate same. *Code Ann.* § 68-1648 (a), cited by the plaintiffs in error for the purpose of showing that the brake light on defendant in error's automobile was not a proper signal for an automobile coming to a stop, states in part: "Any *stop* or turn signal when required herein shall be given *either* by means of the hand and arm *or by a signal lamp or lamps or mechanical signal device. . ."* (Italics ours). Since under this Code section "signal lamps" are approved as a stop signal, the plaintiff in error could be said to have been informed of the intent of Mrs. Nickle to stop, and therefore this demurrer is not well taken.

4. The demurrer to paragraph 7 complained that the words "bashed in the back of said automobile" fail to state what parts of the truck and the automobile were involved, and that the words "sudden and terrific force" are a conclusion of the pleader without sufficient facts to substantiate same. "Reasonable definiteness and certainty in pleading is all that is required; and factitious demands by special demurrer should not be encouraged." *Busby v. Marshall,* 3 Ga. App. 764 (60 SE 376). "The legitimate function of a special demurrer is to compel the pleader to disclose whether he really has a cause of action or defense. . ." *Fuller v. Inman,* 10 Ga. App. 680, 693 (3) (74 SE 287). The absence of a description of the portions of the truck and the automobile involved in the collision would not affect the plaintiffs' causes of action, as this is an evidentiary matter which need not be pleaded. *Daniell v. McGuire,* 87 Ga. App. 491 (3) (74 SE2d 378). The court did not err in overruling this special demurrer.

5. The demurrer to paragraph 8, which says that the allegation that there was nothing obscuring the view of the defendant driver to keep him from knowing that the plaintiff's automobile was at a complete stop, was a conclusion of the pleader, is likewise without merit. If the plaintiff's view of the truck approaching from the rear was unobscured, the allegation that the truck driver's view forward was likewise unobscured is not an unjustified conclusion. If, in fact, there had been something obscuring the defendant's view, this might have been set up as a defense.

6. The demurrers to paragraphs 9(d) of the petitions, which say that "mental anguish" is not an element of damages for which a recovery may be had, and should be stricken from the petition as irrelevant, immaterial and prejudicial to the defendants, is also without merit. "The general rule of law in this State is that damages can not be recovered for mental anguish and physical pain resulting from mere negligence, unaccompanied by any physical injury to the person or pecuniary loss," (*Western Union Telegraph Co. v. Knight*, 16 Ga. App. 203, 204, 84 SE 986), but the plaintiff's "mental anguish" is alleged to have resulted from the physical injury, and "there may be a recovery for mental suffering resulting directly from a physical injury . . ." *Davis v. Murray*, 29 Ga. App. 120 (1) (113 SE 827).

7. The demurrer to paragraph 10 of the petitions objects to the reference to the plaintiff's "former good health and strength" as being conclusions of the pleader. The assessment of one's own health and strength at any given time, considered from a general rather than a technical point of view, is a matter of ultimate fact, and not a mere conclusion. The objection that the allegation in Mrs. Nickle's petitions that she "has had almost daily medical treatment," was vague, indefinite and uncertain, is without merit.

9. The demurrer to the allegations of the defendants' negligence in paragraph 12 of the petitions, calling them vague, uncertain, indefinite, conclusions of the pleader, contradictory to the petition as a whole, failing to set forth any actionable negligence, partakes of the nature of a general demurrer, and this has already been ruled upon in Division 1, supra.

10. The plaintiff husband's itemization of damages added by amendment is stated with sufficient particularity to withstand the defendants' demurrers.

The trial court did not err in overruling all of the defendants' demurrers to the plaintiffs' petitions as amended.

*Judgments affirmed. Bell and Hall, JJ., concur.*