### KELLY *v.* THE STATE.

1. It is not necessary in an indictment for using profane, obscene, and vulgar language in the presence of a female to charge that the language was used of or to another.
2. The evidence authorized the verdict, and no sufficient reason appears for granting a new trial.

Argued October 15,—Decided November 7, 1906.

Indictment for misdemeanor. Before Judge Spence. Baker superior court. May 19, 1906.

*Benton Odom* and *A. S. Johnson,* for plaintiff in error.

*J. E. Wooten, solicitor-general,* contra.

COBB, P. J.  Kelly was indicted for using profane, obscene, and vulgar language in the presence of a female, the language used being, "Have sexual intercourse with me." A demurrer to the indictment was filed upon the ground that it was not alleged that the language was used to or of another. The demurrer was overruled, and the defendant excepted. After a trial, the accused was found guilty, and moved for a new trial on the general grounds. This motion was overruled, and to this judgment he excepted. . It is not necessary to allege that profane and vulgar language used in the presence of a female was used of or to another. "One who uses vulgar and obscene language in the presence of a female is guilty of a violation of the law, whether the language is used to or of another or not." *McIntosh* v. *State,* 116 *Ga.* 545.

The evidence amply authorized the verdict. It is contended that the language set out is not vulgar or obscene. It appeared that the words were used to the female, and there can be, under the evidence and circumstances under which they were used, no doubt of their vulgarity and obscenity. *Dillard* v. *State,* 41 *Ga.* 278. It was further contended that the bad character of the female furnished sufficient provocation for the use of the language, and therefore it did not appear that the words were used without provocation. The evidence was in conflict as to the character of the female. In addition to this, bad character of a female can not be taken as a license for the use of obscene and vulgar language to such female. See *Brady* v. *State,* 48 *Ga.* 311. Counsel contends that the evidence is insufficient to authorize the verdict, for the reason that it nowhere appears that the prosecutor is a female. There is no distinct statement to this effect by any witness. The prosecutor is sworn in the case as Mary J. Hair, is referred to by witnesses as Mrs. Hair. The accused in his statement, when speaking of the prosecutor, used the personal pronouns, she and her. When all the circumstances in evidence are taken into consideration, the jury were fully authorized to find, to the exclusion of a reasonable doubt, that the prosecutor was a female. See, in this connection, *Joice* v. *State,* 53 *Ga.* 50.

*Judgment affirmed. All the Justices concur.*