### 1906.  MORRIS v. THE STATE.

1. To say to a female who is the wife of another, "Get further, I want to lay down with you," is indictable as vulgar and obscene language, when used by one who has just entered the bedroom of the female at twelve o'clock at night, without any apparent reason for his presence. "Words get their point and meaning almost entirely from the time, place, circumstances, and intent with which they are used." *Dillard* v. *State*, 41 *Ga.* 281. As the accompanying circumstances were clearly alleged in the accusation, and thereby the intent with which the words were used was demonstrated, there was no error in overruling the demurrer to the accusation.

2. A new trial must be granted because the judge in his charge intimated an opinion upon the evidence, in violation of the Civil Code, § 4334.

Indictment for using obscene language, from Baker superior court—Judge Park.  April 15, 1909.

Submitted June 9,—Decided June 29, 1909.

*William I. Geer, A. S. Johnson,* for plaintiff in error.

*William E. Wooten, solicitor-general,* contra.

RUSSELL, J.  The defendant was charged with the offense of using obscene and vulgar language in the presence of a female. The language alleged to have been used, in substance, was, "Get further, I want to lay down with you. I want to put my hands on you. Will you let me feel of you? Kiss me, and I will go. You be my friend and I will be yours, and we will have a good time and say nothing about it." It is alleged in the indictment that this was "language denoting and inferring a solicitation and request" by the defendant for sexual intercourse with the female in question. The defendant demurred to the indictment: (1) because the language imputed to the defendant was not vulgar or obscene; (2) because the indictment does not set out any offense under the law; and (3) because the language used by the defendant is not set forth, but only purports to be the substance of the language used. The demurrer was overruled, and the defendant excepted pendente lite. We think that the demurrer was properly overruled. It has been frequently held that proof of the substance of the unlawful language alleged in the indictment will authorize conviction; and it follows from this that it is not necessary to allege in the indictment the identical language used, and that the statement of the substance of this language is sufficient. That the words imputed to the defendant are vulgar and obscene when considered in connec-

tion with the explanatory innuendo contained in the indictment is settled by the rulings of the Supreme Court in *Dillard* v. *State,* 41 *Ga.* 273, and *Kelly* v. *State,* 126 *Ga.* 548 (55 S. E. 482).

After his conviction the defendant made a motion for a new trial, which was overruled, and he excepted. By his exceptions he presents the complaint that the verdict is not supported by the evidence, as well as that the court erred in expressing an opinion upon the evidence by virtually instructing the jury to disregard the statement of the defendant, and also because the court failed to instruct the jury that the State must prove, beyond a reasonable doubt, that the language, if used at all, was used without provocation. The defendant introduced no evidence, and the evidence in behalf of the State, if believed by the jury in preference to the statement of the defendant, fully warranted the conclusion that the language used by him, at the time, place, and under the circumstances, was a solicitation for sexual intercourse with the wife of another, and was therefore necessarily obscene and vulgar in intent and purpose. In addition to what was said by Judge McCay in the *Dillard* case, supra, it must be remembered that the term employed in the statute is not "words," but "language." "Language" being a generic term, including any words or speech by which thought may be conveyed, it is perfectly possible for one to use obscene and vulgar language in the presence of a female without employing a single word which could be intrinsically classified as of itself obscene and vulgar. The prosecutrix testified that she was awakened about twelve o'clock at night by the opening of her door and the entering of the defendant. In response to her inquiry "Who is that?" he replied, "It is me, you need not be afraid," and he asked her if there was not something the matter with the children. She replied that there was nothing the matter with the children, and that if there was, she could attend to them, and requested him to "get out" of her room. He came on nearer to her bed and said, "Get further, I want to lay down." She persisted in her request that he should get out of her room at once; and he then said, "I love you, and want to put my hands on you." She replied, "You are not going to do it; so you just as well go right on out." He next said, "Aint you going to let me feel of you?" And on her replying, "No, I am not, and you had better get out," he said, "Kiss me and I will go." The remainder of the

conversation is immaterial. From what has been said, it will be seen that the jury was authorized to infer that the language used was a solicitation for sexual intercourse.

Much point is made of the fact that the prosecutrix testified that she could not see the defendant, and only recognized him by his voice. This was a question of fact for the jury. She had lived in the house with him for four or five months, and we see nothing unreasonable in her statement that she could identify him as well by his voice as by his face.

There is no merit in the exception in which it is insisted that the judge failed to charge the jury that the language alleged to have been used must have been used without provocation. The judge properly stated the law as follows: "You take the evidence and the law as given you in charge, apply the evidence to the law, and decide whether or not this defendant, on the occasion alleged of within two years prior to the finding of the bill of indictment, used, without provocation, the obscene, and vulgar or profane language in the presence of the female in question; and I charge you that 'without provocation' must affirmatively appear from the evidence."

We have dealt thus fully with the several assignments of error, for the reason that there must be another trial, and our rulings will serve to settle all of the legal points at issue, and thus reduce the trial to a mere issue of fact. The provisions of section 4334 of the Civil Code are so mandatory that we are constrained to grant a new trial upon the charge of the court in which it is intimated that the defendant had used language of some kind on the occasion indicated by the prosecutrix. The gist of the defense was that the defendant was not present in the room of the prosecutrix at that time, and did not use any language of any kind in her presence. The judge instructed the jury as follows: "You examine the testimony as delivered to you from the witness stand; you are to judge of that and determine what it was—what the language used was, beyond a reasonable doubt." In this charge the court intimated that language had been used by the defendant, whereas he contended that he had used no language at all; and therefore a new trial must be granted. Civil Code, §4334.

*Judgment reversed.*