## STATE v. ROBERT LEE PAYNE.

No. A-2380.    Opinion Filed May 25, 1918.

(172 Pac. 1096.)

OBSCENITY—Statutes—Information. Under section 2403, Rev. Laws 1910, making it a misdemeanor to "utter or speak any obscene * * * or lascivious language or word in any public place, or in the presence of females, or in the presence of children under ten years of age," the language used need not necessarily consist of words obscene or lascivious **per se**, but where the information sets out the language, although it may be composed of words which are not in themselves either obscene or lascivious, yet if the sense and meaning of the words employed is either obscene or lascivious, the information is sufficient to state the offense, where all other allegations necessary to complete said offense are contained therein.

*Appeal from County Court, Kingfisher County;*
*R. F. Shutler, Judge.*

Robert Lee Payne was informed against for the use of obscene or lascivious language. Demurrer to information sustained, and the State brings error. Reversed and remanded, with instructions.

*Chas.- West,* Atty. Gen., *C. J. Davenport,* Asst. Atty. Gen., and *W. R. Blair,* Co. Atty., for the State.

MATSON, J.   This is a case in which the county attorney of Kingfisher county filed an information against the defendant in error and defendant below, Robert Lee Payne, charging the said defendant with the use of certain obscene and lascivious language. A warrant was issued on the information and defendant brought into court. The defendant demurred to the information, and the demurrer was by the court sustained. The court also made an order quashing the information, discharging the defendant and discharging the sureties on his appearance bond. The information filed in said cause was as follows:

"IN THE COUNTY COURT WITHIN AND FOR KINGFISHER COUNTY, STATE OF OKLAHOMA.

"State of Oklahoma, Plaintiff, v. Robert Lee Payne, Defendant. Information.

"Comes now W. B. Blair, county attorney within and for Kingfisher county, and in the name and by the authority of the State of Oklahoma, makes information that the said defendant, Robert Lee Payne, in the county of Kingfisher and State of Oklahoma, on or about the 13th day of September, 1914, did then and there willfully and unlawfully utter and speak certain obscene and lascivious language, to wit, 'Will Jim Murphy make an affidavit that

he didn't go out and catch a sexual disease and give it to his wife,' in a public place, to wit, at the open air meeting ground of the Baptist Church in the town of Hennessey, Kingfisher county, State of Oklahoma, and in the presence of a number of women, among whom being one Flora Cullum, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State. W. B. BLAIR, *County Attorney.*

"County of Kingfisher, State of Oklahoma—ss.:

"Comes now R. Reynolds, who upon oath deposes and says that he has read the above and foregoing information and knows the contents thereof and that the matters and things therein contained are true.

"R. REYNOLDS.

"Subscribed and sworn to before me this 18th day of September, 1914.

"[Seal] W. R. BLACKBURN, *Notary Public.*

"My commission expires Sept. 29, 1914."

The demurrer filed by the defendant below (omitting the caption) was as follows:

"Comes now the above-named defendant by his attorneys, P. S. Nagle and Lee M. Gray, and demurs to the information filed herein and assigns the following as grounds of demurrer, to wit: (1) That the allegations contained in the information do not charge a public offense under the laws of the State of Oklahoma.

"P. S. NAGLE,
"LEE M. GRAY,
*"Attorneys for Defendant."*

The journal entry showing the judgment of the court on the hearing of the demurrer is as follows:

"IN THE COUNTY COURT WITHIN AND FOR KINGFISHER COUNTY, STATE OF OKLAHOMA.

"The State of Oklahoma, Plaintiff, v. Robert Lee Payne, Defendant.

"And now on this 16th day of November, A. D. 1914, the same being one of the regular judicial days of a regular term of this court, the above matter came regularly on for hearing in open court, the plaintiff, the State of Oklahoma, appearing by the county attorney, W. B. Blair, and the defendant, Robert Lee Payne, appearing in his own proper person and by his attorneys, Lee M. Gray and P. S. Nagle. Thereupon the defendant, Robert Lee Payne, asked and was granted leave to withdraw his plea of not guilty and file a demurrer to the information on file herein. Thereupon the said defendant, Robert Lee Payne, files a demurrer to the information on file herein. Thereupon argument is had on the said demurrer by the defendant, Robert Lee Payne, and on behalf of the State of Oklahoma, and thereafter, the court being fully advised in the premises sustains the said demurrer and quashes and sets aside the information on file herein, and it is so ordered, to which ruling and order of the court the plaintiff, the State of Oklahoma, duly excepted at the time and exception allowed. Thereupon the said plaintiff, the State of Oklahoma, elects to stand on the information on file. Thereupon the court discharges the defendant and releases his bondsmen, to all of which the State of Oklahoma objects and excepts and the exception allowed. Thereupon the State of Oklahoma asks and for good cause shown is granted twenty days within which to make and serve a case-made herein; the defendant, Robert Lee Payne, is given five days thereafter within which to suggest amendments thereto and said case-made to be settled, certified, and signed upon five days notice by either party. R. F. Shutler, Judge of the County Court within and for Kingfisher County, State of Oklahoma."

There are but two assignments of error relied upon by plaintiff in error, namely:

"First. That the trial court erred in sustaining the demurrer of the defendant below to the information of the state.

"Second. That the trial court erred in quashing the information of the state and discharging the defendant and in releasing his bondsmen on his appearance bond."

This prosecution is carried on under section 2403, Rev. Laws 1910, which is as follows:

"If any person shall utter or speak any obscene, profane or lascivious language or word in any public place, or in the presence of females, or in the presence of children under ten years of age, he shall be liable to a fine of not more than one hundred dollars, or imprisonment for not more than thirty days, or both."

Section 5746, Rev. Laws, provides:

"The indictment or information is sufficient if it can be understood therefrom: * * *

"Sixth. That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended.

"Seventh. That the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case."

And section 5747:

"No indictment or information is insufficient, nor can the trial, judgment or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

From the two sections of our statutes above set forth it will be seen that the Legislature intended a liberal construction should be placed upon indictments and informations. That the county courts, concurrent with justices of

the peace, have original jurisdiction in this class of misdemeanors is decided by this court in *Ex parte McClure*, 6 Okla. Cr. 244, 245, 118 Pac. 591.

No brief has been filed in behalf of the defendant in error, and the court is not advised as to the reasons urged in the trial court why the demurrer to the information should have been sustained. From the brief filed on behalf of the state, we presume that the lower court sustained the demurrer for the reason that the language and words used are not obscene or lascivious *per se*, as the question presented by the state's brief is whether or not, under the foregoing statute, the test is whether the sense of the language used is obscene or lascivious, or whether in order to constitute the crime the language or words must of themselves be obscene or lascivious.

The trend of modern authority is to the effect that it is not necessary, in order to render the matter obscene or lascivious, that words or expressions which are in themselves obscene or lascivious should be employed, but it is sufficient if the idea conveyed be obscene or lascivious. This is the rule laid down in American and English Encyclopedia of Law (2d Ed.) vol. 21, p. 761. It is sustained by a long list of authorities both from the courts of the United States and of several states construing similar statutes, among which are the following: *United States v. Hanover* (C. C.) 17 Fed. 444; *United States v. Smith* (D. C.) 45 Fed. 477; *United States v. Martin* (D. C.) 50 Fed. 918; *United States v. Males* (D. C.) 51 Fed. 41; *United States v. Moore* (D. C.) 129 Fed. 159; *Morris v. State*, 6 Ga. App. 395, 65 S. E. 58; *United States v. Davidson* (D. C.) 244 Fed. 523, 531, 532.

Clearly the idea conveyed by the language, "Will Jim Murphy make an affidavit that he didn't go out and catch

a sexual disease and give it to his wife?" is obscene and lascivious; and under the rule laid down by the above cited authorities, which we think is correct and should be followed in this state in order to obtain the object for which such statute was enacted, the court erred in sustaining the demurrer to the information. The information appears to be sufficient in other respects to charge a completed crime under section 2403, *supra*.

The cause, therefore, is reversed and remanded to the county court of Kingfisher county, with instructions to set aside the order sustaining the demurrer to the information, and to overrule same, and to set aside the order discharging defendant; and it is also directed that an alias warrant be issued for the arrest of the defendant, and the cause be further proceeded with in accordance with law.

DOYLE, P. J., and ARMSTRONG, J., concur.