## 28568. DARNELL v. THE STATE.

Decided November 15, 1940.

*Irwin R. Kimzey, Sam Kimzey, J. Herbert Griggs,* for plaintiff in error.

*G. Fred Kelley,* solicitor-general, *J. E. Frankum,* contra.

MacIntyre, J. Hubert Darnell was charged with perjury. He filed various demurrers to the indictment which were overruled and he excepted.

The indictment charged the defendant "with the offense of perjury, for that the said accused did, on the 7th day of March, 1938, in the county aforesaid, unlawfully, and with force and arms, in a judicial proceeding then and there pending in the superior court of Habersham County, Georgia, before the grand jury of said county, at the March term, 1938, session thereof—said judicial proceeding being upon the investigation by said grand jury of a bill of indictment charging Howard Greer, T. B. Darnell and Isaac Wade with the offense of burglary, upon which said indictment

Howard Christian was the prosecutor—said grand jury then and there having jurisdiction of said case, of said investigation and of the subject-matter of said proceeding, and lawful power and authority to hear and determine said proceedings, the said accused was then and there in said judicial proceeding sworn in due form of law as a witness therein by Robert McMillan, solicitor-general of the northeastern circuit, embracing said county, the said Robert McMillan, solicitor-general, then and there having lawful and competent power and authority to administer said oath to said accused in that behalf, and the said oath having been then and there so administered by said Robert McMillan, solicitor-general, before said grand jury in said judicial proceeding, and the said accused being then and there so sworn aforesaid, upon his oath aforesaid, before said grand jury, as a witness for the State, did then and there wilfully, knowingly, absolutely, corruptly, and falsely swear upon his oath aforesaid, among other things, and to the effect following: That he did not sign a statement dated February 9, 1938, copy of which is as follows: 'I was standing in front of Mr. J. J. Martin's store when I heard some one talking around on the side of the store. I went around there and there was Howard Greer, Tom Bell, Darnell, and Isaac Wade, and Howard Greer said, "Let's go and get Howard Christian's car," and he said, "Come on, Tom, and help me wire it up;" then Tom said, "All right, let's go." Then I let them get over the hill and I went on up behind them to watch them. I saw all three of them go to Howard Christian's garage door and break it open, and Isaac Wade stepped back and threw the lock away over in Jim Grant's pasture; then they all three went in and pushed Howard Christian's car out; then Tom and Howard Greer got into the car to wire it up; then Bob, Howard Christian's dog, went to barking and I saw a light come on in Howard Christian's house. Then Tom Bell said, "Come on let's get away from here," and Howard Greer said, "No, let's fix it." Tom Bell said, "I'm going," and they all left;' and furthermore said accused then and there swore that he did not know anything about said case, whereas in truth and in fact said accused had signed and did sign said statement and did know something about said case, the said testimony of the said accused so wilfully, knowingly, absolutely and falsely delivered by the said accused in manner and to the effect aforesaid, being then and there material to the

issue and point in question in said judicial proceeding in this, that it tended to affect the opinion of the said grand jury and to cause it to fail to get a true bill against the said Howard Greer, T. B. Darnell, and Isaac Wade; whereas if he had sworn to the facts contained in said statement it would have tended to cause the said grand jury to find a true bill and place the said parties so charged with the offense of burglary upon their trial in Habersham superior court. And so the jurors aforesaid, upon their oath aforesaid, do say that the said Hubert Darnell, on the day and year first hereinbefore written, before the grand jury of said county, by his own act and consent, and of his own wicked and corrupt mind, in manner and form aforesaid, wilfully, knowingly, absolutely and falsely did commit wilful and corrupt perjury."

■ The first ground of demurrer as set forth in the defendant's brief is that "there is a fatal variance apparent upon the face of the indictment which we [defendant's counsel] think requires the quashing of said indictment. This variance is in the allegation of the indictment which says that the accused signed the statement and then on the other hand a copy of the statement alleged to have been signed and set out in the indictment shows on its face that it was not signed by any one." Code, § 26-4001, declares: "Perjury shall consist in wilfully, knowingly, absolutely, and falsely swearing, either with or without laying the hand on the Holy Evangelist of Almighty God, or affirming, in a matter material to the issue or point in question, in some judicial proceeding, by a person to whom a lawful oath or affirmation has been administered." In the present indictment, from the words "[the accused] did then and there wilfully, knowingly, absolutely, corruptly, and falsely swear upon his oath aforesaid, among other things, and to the effect following:" preceding the pleading of the signed statement which was being pled in the indictment as a matter of inducement, it is apparent that the pleader (the State) was pretending to give only the exact substance and effect of the signed statement in so far as it was material to the issue, and under such an allegation the State was not required to plead the entire signed statement but only such part or parts thereof as were material to the issue, and, it being convenient, the pleader purported to copy in the indictment the exact words of the material part of the statement. If something the accused knew, but which he testified that he did not

know, was not material to the issue, no crime of perjury would be committed. The pleader was therefore permitted to set out by way of inducement or explanation the material part of the signed statement referred to in this ground of demurrer, and thus show that although the defendant swore he did not know anything about the case, he in truth and in fact did know something about the said case, and that this something which he knew was material to the issue. It should be noted that as a general rule in pleading matters of inducement, it does not require so much certainty as the statement of the gist or gravamen of the offense. Here there was no effort or pretense to allege a written instrument (or the entire signed statement) according to its tenor, but merely a pretense to state the material part of a signed statement in exact substance by copying the material part of a signed statement in the exact words thereof. Thus it was not necessary to set out the whole of the signed statement, but only those parts, which "among other things" stated therein, were pretended by the pleader (the State) to be material. The rule "'that any material variance between the alleged forged writing as proved and as set forth in the indictment is fatal *when the writing is pleaded according to its tenor;* and, for the proposition that while it is not necessary for the indictment to describe the writing with extreme minuteness, yet when so described strict proof must be had," as stated in *Haupt* v. *State,* 108 *Ga.* 53 (34 S. E. 313, 75 Am. St. R. 19), and supported by the cases cited by the defendant, is not here applicable, for the indictment, by the use of the words "among other things and to the effect following:" is not alleging the entire signed statement "*according to its tenor,*" but is only pretending to allege the exact substance of the material part therof. The indictment, we think, is not subject to the criticism urged in this ground of the demurrer that there is a fatal variance apparent on the face of the indictment, in that the indictment states that the accused signed the statement whereas the copy of the statement shows no signature.

■ Another ground of demurrer complains that "there is no allegation in the indictment that the purported statement therein set out is true, or that there was ever any basis for the accusations contained in said statement. . . For this reason the indictment fails to charge offense of perjury, and should have been quashed." In *King* v. *State,* 103 *Ga.* 263, 266 (30 S. E. 30), the

Supreme Court held: "Though . . it is not indispensable to the validity of an indictment for perjury that it should, after stating what the alleged false testimony was, in terms set out what was the truth in that regard, it is essential that an indictment for this offense, wanting in this respect, should, by clear and necessary implication, show what must have been the truth of the matter to which the alleged false testimony related." See also *Baker* v. *State,* 97 *Ga.* 347 (23 S. E. 829). Matter of inducement is merely introductory to the gist or gravamen of the offense or in some respect explanatory of it or the manner in which it originally took place. Will's Gould on Pleading, 198. The indictment alleges that the accused swore that he did not know anything about the case, whereas in truth and in fact he did know something about the case. Here was an allegation of false swearing, and by stating in the indictment "if he [the accused] had sworn to the facts contained in said statement [a statement previously pled as a matter of inducement] it would have tended to cause the said grand jury to find a true bill," the indictment, by referring to the contents of the signed statement previously pled as the *facts,* it made the matter more clear and precise as to what the defendant was alleged to have known and if he knew about the case what was stated in the signed statement and alleged to be *the facts,* it necessarily must have been tantamount to an allegation of the truth of the signed statement. Then when the indictment further alleged "by his own act and consent, and of his own wicked and corrupt mind, in manner and form aforesaid, wilfully, knowingly, absolutely and falsely did commit wilful and corrupt perjury," the indictment, at least by clear and necessary implication, showed what must have been the truth of the matter to which the alleged false testimony related. This ground of demurrer is likewise not meritorious.

■ The final ground of demurrer states that the indictment should have been quashed on demurrer "because it shows on its face that the testimony upon which the perjury is assigned was not material to the issue in the proceeding in which the alleged false testimony was delivered." It is the general rule that it is sufficient in an indictment for perjury to charge generally "that the testimony alleged to have been false was in relation to a matter material to the point or question in issue, without setting forth in detail the facts showing how such testimony was material." *King* v.

*State,* supra. One test of materiality is whether the alleged false statements could have influenced the decision as to the question at issue. *Clackum* v. *State,* 55 *Ga. App.* 44, 49 (189 S. E. 397); *Black* v. *State,* 13 *Ga. App.* 541 (3) (79 S. E. 173). The materiality of the false statement in the present indictment was alleged to be that it tended to affect the opinion of the grand jury, and caused it to fail to return a true bill against certain named persons, whereas had the defendant sworn to the facts contained in the said statement, it would have tended to cause the grand jury to find a true bill and place said parties so charged with burglary upon their trial. When the signed statement pleaded as a matter of inducement or explanation, is considered with the testimony of the defendant on the hearing before the grand jury, the materiality of the false swearing before the grand jury is obvious. This ground is also not meritorious.

The judge did not err in overruling the demurrers to the indictment for any reason assigned.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*