## 29815. DUPREE v. THE STATE.

Decided October 3, 1942. Rehearing denied October 22, 1942.

*Hugh L. Luttrell,* for plaintiff in error.

*Roy Leathers; solicitor-general,* contra.

GARDNER, J. The defendant was convicted of using, in the presence of a female, without provocation, vulgar and obscene language. He filed a motion in arrest of judgment which was overruled and he excepted.

In considering a motion in arrest of judgment the evidence developed at the trial can not be reviewed. *Sessions* v. *State,* 3 *Ga. App.* 13 (1-*a*) (59 S. E. 196). Therefore we must look to the indictment to determine whether or not the alleged defect was such a one as to render void any verdict and judgment issued thereon. The indictment in substance charged that the defendant "did without provocation, use in the presence of Mrs. J. B. Dennis, a female, the following profane, vulgar, and obscene language: 'Do you want to make $5, give me a date.'" We will not enter into a discussion of the origin and purpose of the provisions of the section on which this indictment is based. We call attention to *Dillard* v. *State,* 41 *Ga.* 278, 281, and *Kelly* v. *State,* 126 *Ga.* 547 (55 S. E. 482). This court has many times had under consideration questions arising from prosecutions under this section. In *Holcombe* v. *State,* 5 *Ga. App.* 47 (62 S. E. 647), this court said: "As used in this Code section, the phrase 'obscene and vulgar language' includes any foul words which would reasonably offend the sense of modesty and decency of the woman, or women, or any of them, in whose presence the words were spoken, under all the circumstances of the case. . . 'Words get their point and meaning almost entirely from the time, place, and circumstances, and intent with which they are used;' consequently it is usually issuable, and therefore a question for the jury, as to whether any particular language is actually obscene and vulgar." In *Morris* v. *State,* 6 *Ga. App.* 395 (65 S. E. 58), this court quoted Judge McCay in the *Dillard* case, supra, as follows: "Words get their point and meaning almost entirely from the time, place, circumstances, and intent with which they are used."

Notwithstanding the fact that the indictment lacks any explanatory innuendo, we can not say as a matter of law that the words alleged to have been used by the defendant to Mrs. Dennis,

200

under all the circumstances attendant upon the use of them, did not convey such obscenity as the statute was designed to prevent in the preservation of the modesty and inviolate rights of females. It is the firm conviction of this court that we should leave the meaning and interpretation of the words, to be determined from the time, place, circumstances, and intent with which they were used, to the trial court and jury.

*Judgment affirmed. Broyles, C. J., concurs.*

MacIntyre, J., dissenting. The charge in the indictment is the use of profane, vulgar, and obscene language in the presence of a female. The words alleged to have been used are: "Do you want to make $5, give me a date." These words are the gravamen or gist of the offense alleged. In view of the fact that they are not per se profane, vulgar, and obscene, I think the indictment should, by clear and necessary implication, show that the manner and connection in which they were used made them profane, vulgar, or obscene. "Matter of inducement is merely introductory to the gist or gravamen of the offense, or in some respect explanatory of it or the manner in which it originally took place." *Darnell* v. *State,* 63 *Ga. App.* 582 (11 S. E. 2d, 692). I think some matter of inducement explanatory of the words should have been stated in the indictment, as the words, when taken alone and unconnected with other matters, are not profane, vulgar, or obscene. I think the motion in arrest of judgment should have been sustained.