## 30676. WELCH v. THE STATE.

MacINTYRE, J. ■ The special assignment of error in the certiorari designated "(e)" alleges "that the court erred in overruling a motion of the defense counsel, who objected to the statements of officer Johnson, because such statements were highly prejudicial to the defendant and [were] hearsay testimony." This presents no question for decision because no statement of Johnson is set out in the special assignment of error. *Shaw* v. *Jones*, 133 *Ga.* 446 (9) (66 S. E. 240) ; *Lester* v. *State*, 155 *Ga.* 882 (3), 883 (118 S. E. 674) ; *Payne* v. *Lyon*, 154 *Ga.* 501, 507 (114 S. E. 892).

2. "Words get their point and meaning almost entirely from the time, place, circumstances, and intent with which they are used; consequently it is usually issuable, and therefore a question for the jury as to whether any particular language is actually obscene and vulgar." *Dupree* v. *State*, 68 *Ga. App.* 198, 199 (22 S. E. 2d, 335).

3. The indictment charged a violation of the Code, § 26-6303, in that the accused "did without provocation, use to and of Miss Allie Holbrook, a female, and in her presence, the following obscene and vulgar language; "Will five dollars be enough? Will five dollars be enough? Do you want me to show you?—meaning by said language to ask the said Miss Allie Holbrook to have sexual intercourse with him—said language then and there tending to cause a breach of the peace." *Held:* The evidence authorized a finding that the language, "Will five dollars be enough? Will five dollars be enough? Do you want me to show you?" was used in the presence of the female, and, when considered in connection with the time, place, and other circumstances attending the use of such words, they were vulgar and obscene as charged in the indictment, in that the defendant meant by said language to ask the female to have sexual intercourse with him.

4. The evidence authorized the verdict, and the judge did not err in overruling the certiorari.

Judgment affirmed. *Broyles, C. J., and Gardner, J., concur.*

DECIDED DECEMBER 5, 1944.

*Howard, Camp & Tiller, Gordon A. Smith,* for plaintiff in error.
*Lindley W. Camp,* solicitor, *John A. Boykin,* solicitor-general,
*Durwood T. Pye,* contra.