**J. L. KAMSLER, Plaintiff-Appellant,**

v.

**Daniel P. WARD, State's Attorney of Cook County, State of Illinois, Defendant-Appellee.**

**No. 15184.**

United States Court of Appeals Seventh Circuit.

Nov. 8, 1965.

J. L. Kamsler, pro se.

Daniel P. Ward, Donald J. Veverka, Chicago, Ill., Edward J. Hladis, Chief of Civil Division, Thomas A. Hett, Asst. State's Atty., of counsel, for appellee.

Before SCHNACKENBERG, KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

The district court dismissed Kamsler's suit for temporary injunction to restrain defendant from "further prosecution" of Kamsler under indictments for violation of the Illinois Criminal Code.[1] We affirm the judgment of dismissal.

A Cook County grand jury returned six indictments against Kamsler. He was convicted under an indictment in 1964 for theft from one Zaslawsky, and his appeal in that case is now pending before the Appellate Court of Illinois, First District.[2] Kamsler's suit charging conspiracy to deny him a fair trial and claiming damages for libel in the Zaslawsky case was ordered dismissed by the district court for want of federal jurisdiction, and his appeal in this court, from that order, was dismissed by order for failure to comply with rules of the court.[3] His second and similar civil rights suit in the district court was also dismissed for want of federal jurisdiction, and this court on October 11, 1965 affirmed.[4]

The district court judgment before us was entered May 18, 1965, and on June 18, 1965 Kamsler was convicted under the second of the six indictments in the Circuit Court of Cook County.[5] In oral argument in this court he stated that his appeal from that judgment is also pending in the Appellate Court of Illinois, First District. The remaining four indictments against him have been "nolle prossed."

Kamsler's complaint prays solely for a restraining order against prosecution "under any other indictments" for violation of sections 15 and 16 of Chapter 38 of the Illinois Criminal Code until "a proper court" finally determines the appeal from his first conviction, now pending in the Appellate Court of Illinois. His federal question theory is that he was convicted in violation of the Fourteenth Amendment because the Illinois criminal statutes involved are void for uncertainty. In view of the fact that he is appealing his conviction on the second indictment and that the remaining indictments have been "nolle prossed," there is no "further prosecution" at this time to restrain. Accordingly, assuming but not deciding a federal question was successfully presented by his complaint, and that 28 U.S.C. § 2283 does not bar the federal courts from intervening in these state criminal proceedings, we would hesitate to interfere where, as here, it appears that the appellant has an adequate remedy in the state courts. We hold that Kamsler cannot prevail in this case in any event, since there is nothing now upon which the temporary injunction could operate, and thus it would be useless. Virginia Ry. Co. v. System Federation, 300 U.S. 515, 551, 57 S.Ct. 592, 81 L.Ed. 789 (1937); 28 Am.Jur. Injunctions § 37 (1959).

Affirmed.

1. ILL.REV.STAT. ch. 38, §§ 15–17 (1963).

2. People v. Kamsler, Criminal No. 64–1004, Cir.Ct., Cook County, May 18, 1965, appeal docketed, No. 50049, Ill.App.Ct., 1st Dist., Oct. 26, 1964.

3. Kamsler v. Chicago American Pub. Co., Inc., No. 64–C–560, N.D.Ill., June 6, 1964, appeal dismissed, No. 14831, 7th Cir., Jan. 18, 1965.

4. Kamsler v. Chicago American Pub. Co., Inc., (7th Cir., 1965), 352 F.2d 57.

5. People v. Kamsler, Criminal No. 64–1106, Cir.Ct., Cook County, June 18, 1965.