CHEROKEE NEWS AND ARCADE, INC.
(a Body Corporate of the State of
Oklahoma), Plaintiff,

v.

Vernon C. FIELD, Esquire, in his capacity as District Attorney for Comanche County, and Alford T. Hennessee, in his capacity as Chief of Police, Lawton, Oklahoma, and Paul Elkin, in his capacity as Sheriff for Comanche County, Defendants.

Civ. No. 70-49.

United States District Court,
W. D. Oklahoma.

March 16, 1970.

Don E. Gasaway and Stan P. Doyle, of Woodson, Gasaway & Doyle, Tulsa, Okl., and Robert Eugene Smith and Harry B. Shadoan, Towson, Md., for plaintiff.

G. T. Blankenship, Atty. Gen., State of Oklahoma, W. Howard O'Bryan, Jr., H. L. McConnell and Max A. Martin, Asst. Attys. Gen., State of Oklahoma, and Vernon C. Field, Lawton, Okl., for defendants.

Before MURRAH, Chief Circuit Judge, and DAUGHERTY and EUBANKS, District Judges.

MEMORANDUM OPINION

EUBANKS, District Judge.

By its complaint filed herein on January 30, 1970, the Cherokee News and Arcade, Inc., sought a temporary restraining order, preliminary injunction, permanent injunction, and damages against the defendants acting in their official capacity. Specifically plaintiff seeks to have declared unconstitutional Sections 1021 through 1041.51 of the Oklahoma Statutes which said statutes will be hereinafter referred to as the Oklahoma obscenity laws.[1] Thereafter and on the second day of February 1970 the district judge to whom the case was assigned notified the Chief Judge of the Court of Appeals for the Tenth Circuit that the constitutional issue raised in the case required a three judge court and on the second day of February 1970 Chief Judge Murrah entered his order providing that a three judge court be convened pursuant to 28 U.S.C. § 2281 et seq. and should be composed of Honorable Alfred P. Murrah, Honorable Fred Daugherty and Honorable Luther B. Eubanks. On the third day of February 1970 pursuant to the agreement of the parties a pretrial conference was held before the judge to whom the case was originally assigned at which certain writ-

[1]. In 1966 this Court struck down as constitutionally invalid most of the Oklahoma obscenity statutes (Holding v. Nesbitt, 259 F.Supp. 694), affirmed in part and reversed in part, 387 U.S. 94, 87 S.Ct. 1418, 18 L.Ed.2d 585. Thereafter, the

Oklahoma Legislature enacted the statutes that are currently under attack and patterned same after Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498.

ten stipulations were entered into and the issues clearly defined. The pretrial conference order provided, inter alia, that the issue relative to damages would be severed and tried later before the single judge to whom the case was assigned.

On the fourth day of March 1970 arguments were heard by the Court and the Court being fully advised in the premises declined to exercise jurisdiction of the case or to rule upon the constitutionality of the Oklahoma obscenity laws and announced that this Memorandum Opinion would follow the oral order.[2]

The complaint generally alleges that plaintiff is and has been selling constitutionally protected, non-obscene magazines, books and films at a news stand located at 319 C Avenue in Lawton, Oklahoma, but commencing on the 29th day of August 1969 its agents Walter Lonsdale, Rosalie Lonsdale, Mike Fox and David Godsmith were arrested by the defendant Sheriff or the defendant Chief of Police and charged in criminal complaints filed by the defendant District Attorney in the District Court of Comanche County, Oklahoma with selling obscene matter. The magazines which are alleged to offend are entitled: "Young Stuff", "My-Oh-My", "Come, Come Again", "Country Swinger", "Boast", "Cherry", "Lime Light", "Ball" and "Calle". The films alleged to offend are entitled "Honeymooners" and "Pot Party", and one complaint alleges a deck of playing cards to be obscene. The criminal charges were filed at various times between the 18th day of August 1969 and September 3, 1969, and in each instance the plaintiff herein was named as a co-defendant. The individual defendants in the criminal cases have been released on bail and under Oklahoma law no appearance bond can be required of a corporate defendant in a criminal case.

Shortly after these criminal charges were filed plaintiff prepared the complaint which was filed in this court on January 30, 1970. It served a copy of same on the defendants and noticed them that said complaint would be filed in the United States District Court for the Western District of Oklahoma on October 14, 1969. This complaint challenges the constitutionality of the Oklahoma obscenity laws on their face and also asserts that the obscenity laws are being unconstitutionally applied by the defendants. This notice advised defendants that the plaintiff would, on October 14, 1969 at 9:00 A.M., move the Federal Court for a temporary restraining order. It is stipulated in this case that instead of presenting the unconstitutional claims to the Federal Court at that time the plaintiff elected to forgo such procedure and made a direct attack upon the constitutionality of the statutes in the District Court of Comanche County, Oklahoma. In state court the plaintiff here, defendant there, presented all of its federal questions and unreservedly litigated its constitutional claims. The questions were fully briefed and argued to the state court and only after an adverse ruling by the state district court which was handed down in early 1970 did the plaintiff file its complaint in this court. It is conceded that plaintiff here is attempting to relitigate the identical issues that were earlier litigated in the state court.

We are aware of the decisions of the United States Supreme Court holding that abstention is inappropriate where first amendment rights are involved and where statutes are attacked on their face as abridging free expression or as applied to discourage protected activities. See Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22; Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444, and Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182. And we are further cognizant of the ruling in those cases that upon a showing of special circum-

---

2. The pretrial order directed the parties to brief the question of abstention in light of England v. Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440. Defendants briefed the question; plaintiff failed to do so.

stances, beyond the injury incidental to every criminal proceeding brought lawfully and in good faith, the extraordinary remedy of injunction barring state court criminal prosecution is sometimes granted by the Federal Courts. In this case, however, we are convinced that the doctrine of abstention should be applied as is urged by the defendants. The federal district court was never intended to have appellate jurisdiction of state court decisions. In England v. Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed. 2d 440, the court had before it a situation where appellants originally sought injunctive relief in the U. S. District Court for the Eastern District of Louisiana. A three judge court invoked the doctrine of abstention and remitted the parties to the state courts. After unsuccessful state court proceedings appellants returned to the district court where the case was dismissed on the grounds that the federal questions had been decided by the state courts and the proper remedy was by appeal to the Supreme Court of the United States. The Supreme Court reversed the district court in that case but in so doing handed down a prospective ruling disallowing such procedure in future cases. In so doing the Court said in part:

> But we see no reason why a party, after unreservedly litigating his federal claims in the state courts although not required to do so, should be allowed to ignore the adverse state decision and start all over again in the District Court. Such a rule would not only countenance an unnecessary increase in the length and cost of the litigation; it would also be a potential source of friction between the state and federal judiciaries. We implicitly rejected such a rule in Button, when we stated that a party elects to forgo his right to return to the District Court by a decision "to seek a complete and final adjudication of his rights in the state courts." We now explicitly hold that if a party freely and without reservation submits his federal claims for decision by the state

courts, litigates them there, and has them decided there, then—whether or not he seeks direct review of the state decision in this Court—he has elected to forgo his right to return to District Court.

We believe, a fortiori, that the decision in *England* is applicable to the instant case because here the plaintiff elected to litigate his claims in the state court although not required to do so. Having elected to attack the constitutionality of the Oklahoma obscenity laws in state court and having unreservedly litigated the issue there we believe that the decision in *England* precludes our considering the constitutional questions attemped to be raised here. Our research has disclosed only one case since *England* where such procedure has been allowed and there, Harris v. Younger, 281 F.Supp. 507, the decision of the Supreme Court in England v. Medical Examiners, supra, was not cited and apparently was not considered.

While we use the word "abstention" as the basis for our non-exercise of jurisdiction this may not be entirely accurate because, as pointed out in *England*:

> Accordingly, we have on several occasions explicitly recognized that abstention "does not, of course, involve the abdication of federal jurisdiction, but only the postponement of its exercise". Harrison v. N.A.A.C.P., 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152; Louisiana P. & L. v. City of Thibodaux, 360 U.S. 25, 29, 79 S.Ct. 1070, 3 L.Ed.2d 1058.

It would be equally erroneous to say that we abdicate herein for such language would indicate that we renounce, disown or surrender what was once exclusively ours. Rather we say we decline to assume jurisdiction because the plaintiff had the initial right to choose between the state and federal court in which to urge its federal constitutional claims and having made "an election of forums" cannot thereafter switch merely because of an adverse ruling. To permit such forum swapping could indeed create fric-

tion between the state and federal judiciaries and might cause intolerable chaos.

Accordingly, that part of the complaint herein that seeks to have invalidated the Oklahoma obscenity statutes and that part of same seeking injunctive relief is dismissed.

It might here be mentioned that at the pretrial conference the parties stipulated and agreed that defendants would stay prosecution in all of the cases filed against plaintiff and its employees pending a ruling by this court provided that plaintiff would post a ten thousand dollar ($10,000) surety bond. Plaintiff agreed to post said bond but to date has not kept its agreement. This being so the defendants are now under no restraint.

The part of the complaint which seeks damages against the defendants is retained to be dealt with later by the single judge to whom this case was originally assigned.

Counsel for defendants will prepare formal Judgment in accordance herewith.

The Clerk of this Court is hereby directed to mail a copy hereof to counsel of record.