**Wilbert Montell BROWN, Plaintiff,**

**v.**

**S. M. FALLIS, District Attorney For Tulsa County, Oklahoma, Jack Purdie, Chief of Police, Tulsa, Oklahoma, G. T. Blankenship, Attorney General of the State of Oklahoma, Dewey Bartlett, Governor of the State of Oklahoma, Individually and in their official capacities, Defendants.**

Civ. A. No. 70–C–54.

United States District Court,
N. D. Oklahoma.

March 20, 1970.

James O. Goodwin, Waldo Jones, II, Tulsa, Okl., for plaintiff.

Irvine E. Ungerman of Ungerman, Grabel, Ungerman & Leiter, G. W. Newton, Chief Civil Assistant, Tulsa, Okl., W. Howard O'Bryan, Asst. Atty. Gen., State of Oklahoma, Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION AND ORDER

Before HOLLOWAY, Circuit Judge, and BOHANON and BARROW, District Judges.

PER CURIAM.

This action seeks injunctive and declaratory relief from prosecution and enforcement against plaintiff Brown of 21

O.S.1961, § 906, the Oklahoma statute pertaining to obscene utterances.[1] The complaint alleges that the Oklahoma statute is unconstitutional under the First Amendment as applied to the States by the Fourteenth Amendment for vagueness and overbreadth. The statute is claimed to be invalid on its face and as applied to the plaintiff Brown. Brown avers that the statute as applied deprives him of his First and Fourteenth Amendment rights due to a present prosecution of him under the statute for language used in a speech, and the threat of future prosecutions. It is also argued that there was bad faith by the prosecuting authorities toward Brown in the enforcement of the statute.

■ Injunctive and declaratory relief was sought against the State District Attorney, the Tulsa Chief of Police, and the Attorney General and the Governor of Oklahoma. Due to these circumstances a three-judge court was convened. We conclude that the Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1343 and 2201, and that the suit is one properly calling for a three-judge tribunal pursuant to 28 U.S.C. § 2281 et seq.

On March 13, 1970, this Court heard Brown's application for a preliminary injunction and the merits of the controversy. By agreement the case was fully submitted on a stipulation as to most of the evidence, with some documentary proof and agreed testimony also being received. Argument was made on the merits and on various motions of the defendants. From the record thus made, the following facts appear.

On October 15, 1969, Brown made a speech at a chapel at Tulsa University where he had been invited to appear. Tulsa University is a privately owned and operated institution of higher learning open to general enrollment. The oc-

casion was the observance of the Moratorium Day activities related to the Viet Nam War. The audience consisted of persons of both sexes and some 400 to 500 people were present. During his talk and answers to questions that followed, Brown discussed the Viet Nam War, economic conditions in the United States and police activities. His remarks included severe criticism in general of some policemen and of one Tulsa Police Officer in particular. In connection with the remarks it is agreed that the derogatory sexual terms alleged in Brown's complaint were used twice.

On October 23 a criminal information was filed in the District Court of Tulsa County charging Brown with violation of § 906 by the use of obscene or lascivious language in the utterances. Later that day Brown appeared at the court house and was arraigned and released without bond to the custody of his attorneys. He has not been required at any time to post bond in connection with the case. On November 14 the State case was continued at Brown's request for hearing of motions later. A demurrer was filed on January 23. The hearing of the demurrer was continued for briefing. On February 13 the State trial judge overruled Brown's demurrer and motion under which Brown argued the constitutional claims asserted here. The State case was set for trial on February 25.

The action in this Court was commenced on February 19. Informal requests were made by calls to the Presiding Judge concerning a hearing for injunctive relief, but none was held prior to the State trial on February 25. On that date a jury verdict of guilty was returned for the maximum sentence of thirty days and a $100 fine. The State Court continued over from March 12 to March 17 a hearing on Brown's motion for a new trial and his sentencing.

---

1. 21 O.S.1961, § 906 provides:

"If any person shall utter or speak any obscene or lascivious language or word in any public place, or in the presence of females, or in the presence of children under ten years of age, he shall be liable to a fine of not more than one hundred dollars, or imprisonment for not more than thirty days, or both."

However, on March 12 a hearing was held by the State Court on a motion to appoint counsel for Brown. This was a continuation of a hearing on the question of Brown's indigency. The District Attorney inquired about Brown's purchase of various guns and ammunition for $180 a few days prior to his testimony claiming that he was indigent. The Court overruled Brown's objections to questions as to the source of his funds and directed that he answer. His application for appointment of counsel was thereupon withdrawn.

In addition to the agreed facts stated above, we find that there was no showing of bad faith by any public officers in connection with the prosecution of the State criminal action against Brown. We further find that there was no proof of any threat of further or other prosecution of Brown by any public officers. And we find and conclude that there is no irreparable injury shown as required for equitable relief against State criminal proceedings. Douglas v. City of Jeannette, 319 U.S. 157, 164, 63 S.Ct. 877, 87 L.Ed. 1324.

■ We conclude that the action should be dismissed as to both the injunctive and declaratory relief sought. Injunctive relief against threatened prosecution may be appropriate where special circumstances are shown involving prosecution in bad faith, repeated threats of further prosecutions, and the use of invalid criminal statutes to suppress and chill rights of expression protected by the First Amendment. See Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22; Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444; and Cameron v. Johnson, 381 U.S. 741, 85 S.Ct. 1751, 14 L.Ed.2d 715. However, while Brown's constitutional claims are phrased in the terms used in these cases, his proof fails to show those special circumstances where State criminal processes may be interfered with to protect First Amendment rights. Thus, in effect Brown seeks to use this action to obtain a ruling to nullify that of the State Court. However, such a ruling to reverse the conviction may be sought by appeal to the Oklahoma Court of Criminal Appeals and by further appeal or certiorari in the Supreme Court.

■ We do not view the circumstances shown here as justifying the extraordinary remedy of injunctive interference with the Oklahoma criminal procedures. The mere possibility of an erroneous initial application of constitutional standards will usually not amount to the irreparable injury necessary to justify a disruption of orderly State proceedings. Cameron v. Johnson, 390 U.S. 611, 621, 88 S.Ct. 1335, 20 L.Ed.2d 182; Dombrowski v. Pfister, supra, 380 U.S. at 484–485, 85 S.Ct. 1116; Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324. This possibility of an allegedly erroneous constitutional ruling is all the record shows. We express no opinion concerning the constitutional ruling by the State Court. However, if a constitutional wrong has occurred, the procedure of regular appeal may vindicate Brown's rights and this remedy at law is adequate. Cameron v. Johnson, 390 U.S. 611, 620, 88 S.Ct. 1335, 20 L.Ed.2d 182; Kamsler v. Ward, 353 F.2d 206 (7th Cir.). We conclude that the record before us does not call for injunctive relief interfering with the Oklahoma prosecution.[2]

■ However, Brown also seeks declaratory relief that the Oklahoma statute is invalid and this calls for a separate assessment as is required by the *Dombrowski* and *Zwickler* cases. Moreover, in the exercise of federal jurisdiction to decide the constitutional claim, the Court may not abstain simply to afford the State Court the first opportunity to vindicate the federal claim. Zwickler v. Koota, supra; McNeese v. Board of Education, 373 U.S. 668, 83

---

2. We do not reach the question of the effect of 28 U.S.C. § 2283 and its bar against enjoining State court proceedings.

S.Ct. 1433, 10 L.Ed.2d 622. However, where the State statute is fairly subject to an interpretation which will avoid or modify the federal constitutional question, the court may properly abstain from the granting of declaratory relief. See Zwickler v. Koota, supra, 389 U.S. at 251, 88 S.Ct. 391, and the decisions of the Supreme Court there noted; and *cf.* Reetz v. Bozanich, 396 U.S. 811, 90 S.Ct. 70, 24 L.Ed.2d 65.

 The final construction of § 906 by the Oklahoma courts in connection with Brown's case may well effect a narrowing or an interpretation making a substantial modification of the federal question. Brown argues that the statute is directed against utterance of any obscene or lascivious language or word so that it may not be construed in conformity with Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498. However, we should not attempt to foreclose an interpretation that may be made to avoid any constitutional infirmity which might exist, as the Oklahoma courts do. See, *e. g.*, Application of State Building Bonds Commission, 431 P.2d 344, 348 (Okl.1966). The State Court may well make a narrowing construction or one modifying substantially the issues raised by Brown.[3] Therefore, we conclude that the granting of a declaratory judgment on the constitutional claims is not appropriate and that we should abstain from doing so. See also Cherokee News and Arcade, Inc. v. Field, et al., 311 F.Supp. 1194 (W.D.Okl.), just decided.

This memorandum will serve as the findings of fact and conclusions of law of the Court under Rule 52. In order that the full time for motions directed to the findings and conclusions may be available, we enter a fresh judgment and vacate our earlier order entered on March 13. Accordingly the order of March 13, 1970, is hereby vacated, and it is ordered, adjudged and decreed that this action is hereby dismissed as to all defendants.

---

3. In its ruling on Brown's demurrer the State trial court adopted the definition of obscenity from Black's Law Dictionary and stated that the three-stage definition under Supreme Court decisions is not mandatory in this type of case. The jury instructions given by that Court are not in our record. We find no interpretation of § 906 by the Oklahoma appellate courts in connection with First Amendment requirements. State v. Payne, 14 Okl.Cr. 469, 172 P. 1096 (1918) upheld an information under the statute and stated that the words in themselves need not be obscene if the idea conveyed is obscene. In the state of the Oklahoma decisions a narrowing or modifying interpretation against the background of constitutional standards is possible.